ANDRLE et al. v. FAJKUS.　(No. 7666.)

(Court of Civil Appeals of Texas.　Galveston.　Feb. 15, 1919.　Rehearing Denied March 13, 1919.)

1. APPEAL AND ERROR ⬅921—WAIVER OF JURY TRIAL—PRESUMPTION.

Where judgment, reciting that upon hearing the court decided that there was no question to be submitted to the jury, is the only evidence before the court on appeal of what the actual proceedings were, the conclusive presumption arises that defendants waived any right to a jury trial; no exception having been taken to court's action.

2. APPEAL AND ERROR ⬅921—JUDGMENT—CONCLUSIVENESS.

Where judgment is the only evidence before the court on appeal as to actual proceedings, mere showing that prior to actual trial an affidavit of inability to provide for a jury fee had been filed would not impeach the judgment, since every reasonable presumption must be indulged in its favor.

3. APPEAL AND ERROR ⬅662(2)—JUDGMENT—CONCLUSIVENESS.

Where judgment, reciting that upon hearing of the pleadings, proof, and argument the court decided that there was no question to be submitted to the jury, is the only evidence before the court on appeal, contention that no evidence was heard by the court below at the time of or

during the term at which judgment was rendered cannot be sustained.

Error from District Court, Fayette County; Frank S. Roberts, Judge.

Trespass to try title by Peter Fajkus against Vincencije Andrle and others. Judgment for plaintiff, and defendants bring error. Affirmed.

John P. Ehlinger, of La Grange, for plaintiffs in error.

GRAVES, J. This writ of error is sued out for the purpose of having reviewed a judgment of the court below, which in part contains these recitals:

"Be it remembered, that on this the 18th day of December, 1916, at a regular term of this court, the above numbered and styled cause came on for hearing, and the parties and their attorneys upon both sides appeared and announced themselves ready for trial. Upon hearing of the pleadings, proof, and argument of counsel, the court decided that there was no question to be submitted to the jury, and proceeded to find that the law and the facts are with the plaintiff, and that the plaintiff is entitled to recover the lands in controversy and assesses no damages."

Then follows an adjudication of the title and possession of the land involved to defendant in error, who, as plaintiff, had brought the suit in trespass to try title against plaintiffs in error.

[1, 2] The cause is here without a statement of facts or any bills of exception. While their distinguished counsel has ably presented to this court the contention that error prejudicial to the rights of plaintiffs in error was committed below in two respects: First, in refusing them a trial of the cause before a jury; second, in rendering judgment against them without at that time or term of court hearing any evidence—it is not perceived, in the abbreviated condition of the record before us, how it can be sustained. While there does appear in the transcript copy of an affidavit by plaintiffs in error of their inability to pay or secure a jury fee, and of an entry on the clerk's civil docket showing it to have been filed some time before the date of the judgment there is nothing whatever even indicating that the court in fact denied them a jury trial, and that they took an exception to that action. Upon the contrary, the conclusive presumption arising from the above-quoted recitals in the judgment is that, by so appearing both in person and through attorneys, announcing themselves ready for trial, and at that time submitting the pleadings, proof, and argument of counsel to the court, they waived any right to a jury trial they may theretofore have placed themselves in position to claim, and will be held to have acquiesced in the determina-

tion of all issues by the court. Especially must this result follow since no exception was taken to the court's action in so doing. The judgment as entered, which imports verity. is the only evidence before this court of what the actual proceedings were. Manifestly, the mere showing that, some time prior to the actual trial before the court without a jury, an affidavit of inability to provide for a jury fee had been filed would not impeach it, since every reasonable presumption in its favor must be indulged. Note 99, Judgment, p. 2512, vol. 3, Vernon's Sayles' Civil Statutes, and authorities there collated.

[3] The same principle applies with even greater force to the assertion made here that no evidence was heard by the court below at the time of or during the term at which its judgment was rendered, when the judgment itself recites the contrary.

It is not deemed necessary to indulge in extended discussion of the matter.

No other question being presented, and no error being pointed out, the judgment is affirmed.

Affirmed.