### SMITH v. CRANK et al. (No. 9068.)

(Court of Civil Appeals of Texas. Dallas. March 8, 1924.)

**1. Appeal and error ⬨⇒684(3), 719(2), 755—Appellate court must consider appeal from order dissolving injunction, though record defective.**

The appellate court is required to consider an appeal from an order dissolving a temporary injunction, though the record does not contain the motion to dissolve, statement of facts, or assignments of error, and no briefs are filed, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4645.

**2. Appeal and error ⬨⇒662(2)—Judgment recitals, in order dissolving injunction, imported highest verity.**

Judgment recitals that the law and evidence justified dissolution of a temporary injunction imported the highest evidence of verity, from which the appellate court must not only assume that a proper motion to dissolve was made, and supported by evidence, but that the averments and evidence were sufficient to require entry of judgment thereon; the record disclosing no fundamental error.

**3. Appeal and error ⬨⇒920(3)—Presumed in support of order dissolving injunction that all necessary facts were proved in absence of statement or evidence.**

On appeal from an order dissolving a temporary injunction, in the absence of any statement of facts or evidence in the form contemplated by Vernon's Sayles' Ann. Civ. St. 1914, art. 4645, it is presumed, in support of the judgment, that every fact which could have been legally established under the averments of the motion was proved.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by J. Fred Smith against George H. Crank and others. From an order dissolving his temporary writ of injunction, plaintiff appeals. Affirmed.

Cecil L. Simpson, of Dallas, for appellant. Keys & Bailey, of Mexia, for appellees.

VAUGHAN, J. This is an appeal from an order entered on the 28th day of April, 1923, dissolving a temporary writ of injunction granted appellant on the 18th day of January, A. D. 1923, and which was continued in force by the trial court pending the final decision on appeal from said order.

[1] This case is before us solely on the record, and an imperfect one, as same does not contain the motion of appellees to dissolve, a statement of facts, or assignments of error; and, further, we are without the assistance of briefs, none having been filed by either party. However, this is of that character of cases which we are required to consider and pass upon in the condition presented by this record. Article 4645, Vernon's Sayles' Texas Civil Statutes 1914; Sutherland v. Cabiness (Tex. Civ. App.) 146 S. W. 331; Commissioners' Court of Floyd County v. Nichols (Tex. Civ. App.) 142 S. W. 37; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42.

[2] The judgment of the trial court dissolving said temporary writ of injunction contains the following recitals: "This day came on to be heard the motion of L. B. Mitchell to dissolve that certain order entered by the court in the above and foregoing cause on the 18th day of January, 1923," and, "The court, after hearing the law and the evidence, is of the opinion that said order should be dissolved."

[3] The recitals in the judgment import the highest evidence of verity (Hopkins v. Donaho, 4 Tex. 336) from which we are not only to assume that a proper motion to dissolve was before the court, and that evidence was introduced in support of same, but that the averments of such motion and the evidence in support thereof were sufficient to require the entry of the judgment by the trial court appealed from; no fundamental error appearing from the record before us. Evidence was heard on the motion but a statement of the facts proven thereby or the evidence in the form as adduced before the trial court as contemplated by article 4645, supra, is not in the record.

Therefore, in support of the order appealed from, it is to be presumed that every fact

was proved which could have been legally established under the averments contained in the motion to dissolve. Callison v. Autry et ux. Adm'x, 4 Tex. 371.

The judgment of the court below dissolving said temporary writ of injunction is affirmed, and the order continuing said injunction in effect vacated and set aside.