## HART et al. v. FOSTER.

### No. 13594.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 24, 1937.

Rehearing Denied Oct. 29, 1937.

William R. Watkins and Maurice Short, both of Fort Worth, for appellants.

E. I. Key, of Denton, for appellee.

SPEER, Justice.

W. H. Foster, a resident of Denton county, Tex., instituted this suit in a district court of Tarrant county against J. J. Hart, alleged to be a resident of the state of Louisiana, Edgar T. Hart, and Geo. S. Hart, of Tarrant county, and S. W. Hart, of Palo Pinto county, for recovery of debt evidenced by a note in the principal sum of $3,680.90, with accrued interest and attorneys' fees thereon.

Plaintiff's petition sets out in haec verba the note, and allegation is made that by virtue thereof the defendants and each of them are indebted to him and promised to pay the amount evidenced by the note, at Fort Worth, in Tarrant county, Tex. Prayer was for judgment against all defendants, jointly and severally.

J. J. Hart was served with process as provided by law for nonresident defendants, the return is in due form and in all respects sufficient; he did not answer; no appearance was made by him at the trial. All other defendants answered by general denial and specially that each of them were in fact sureties of J. J. Hart to plaintiff on the note held by plaintiff, and that plaintiff was aware of that fact and had so treated each of them in the past, and prayed that in the event judgment should be rendered against them that they recover a like sum

over against J. J. Hart, who was claimed by them to be the principal obligor. ·

No jury having been demanded, the cause was tried to the court. The evidence offered by plaintiff consisted of the note sued on, which reads as follows:

"Fort Worth, Texas, July 6, 1931.

"One year after date, without grace, for value received, I, we or either of us promise to pay to the order of W. H. Foster, at Ft. Worth National Bank, Ft. Worth, Texas, three thousand six hundred eighty and 90/100 dollars with interest from date at the rate of 8 per cent per annum. If this note is not paid at maturity and is placed in the hands of an attorney for collection or if suit is instituted thereon or if collected through the probate court then I, we or either of us agree to pay as attorneys' fees an additional sum of ten per cent on the principal and interest due, all signers and endorsers of this note are to be regarded as principals so far as their liability to payee is concerned and each of us including endorsers waive presentation hereof for payment, protest, notice of non payment, and I, we and each of us including endorsers consent that the payee or other owner of this note may at any time and from time to time upon request of or by agreement with any of us extend the date of maturity hereof without consulting the other signers or endorsers who shall remain bound for the payment hereof, we and each of us including endorsers agree that in case of renewal or of extension of maturity of this note, any and all securities or liens given the payee by us or any of us at any time shall remain in full force and effect as security for payment of the renewed or extended note. ·

"J. J. Hart
"Edgar T. Hart.
"Geo. S. Hart
"S. W. Hart."

In addition to the note, plaintiff offered in evidence the "notice to serve non-resident," along with its return thereon. They are in compliance with articles 2037 and 2038, Revised Civil Statutes.

Plaintiff was called to the stand by the defendants and testified, with reference to his relation with the respective defendants, as follows:

"Q. Mr. Foster, which of those men is the principal on the note; which one did you advance the money to? A. J. J. Hart.

"Q. Did those men that I have just named (S. W. Hart, Edgar T. Hart, or Geo. Hart) get any part of the money, as far as you know? A. Not as far as I know, no, sir.

"Q. You recognize them as sureties on the note only? A. They just signed the note.

"Q. Did you advance that money to J. J. Hart? A. Well, he is the man that owed me, J. J. Hart, he is the man that owed me."

Judgment was rendered for plaintiff in the full amount prayed for as against all defendants and in favor of each Edgar T. Hart, Geo. S. Hart, and S. W. Hart, in contribution against J. J. Hart for such sum as they should pay upon the judgment. The three defendants, in whose favor judgment was rendered against J. J. Hart, excepted to the judgment, and gave notice of appeal. S. W. Hart and Edgar T. Hart have perfected their appeal to this court.

There are no assignments of error presented by appellants; in their brief there are two abstract propositions stated, which it is claimed are sufficient to call our attention to fundamental error in the record. They are, in effect, that (a) the court may not render judgment against parties as principals, who have signed a note as sureties for the other makers and who have plead suretyship as against the creditor, where the latter has knowledge of the relation as surety though that relation does not appear from the face of the instrument; and (b) the court may not render a personal judgment against the sureties on the note where the principal is a nonresident and who makes no appearance and who in nowise participates in the case.

We have seen that appellee instituted the suit against all the signers on his note alleging they were principals, and that they jointly and severally owed the debt. He pleaded and proved the written instrument upon which he based his cause of action. That instrument recited in its face over the signatures of the signers, among other things, the following: " * * * All signers and endorsers of this note are to be regarded as principals, so far as their liability to payee is concerned; etc. * * * " The appellants sought to avoid the effect of that recitation by pleading they were only sureties to J. J. Hart, and that, as such, they were entitled to judgment against their principal in such sum as they should be

compelled to pay on a judgment rendered for plaintiff. Since we are invited to search this record for fundamental error, we may say, in passing, that the answers interposed were not sufficient upon which to predicate testimony to contradict the terms of the written instrument sued on; yet there was no objection made to such testimony as was offered in support of the plea, and we find it unnecessary to discuss it further. The judgment rendered by the court gave appellants what they asked for in these special pleas; that is, judgment over against their principal, J. J. Hart, in such sum as they should be called upon to pay under the judgment, and we therefore fail to see the grounds of their complaint.

As above indicated, these special pleas were not sufficient to authorize the introduction of testimony to contradict the terms of the written instrument sued on, if indeed that was the purpose of them. In the judgment rendered by the court, the following findings appear: "J. J. Hart although having been duly served with citation as required by law came not but wholly made default, the plaintiff having heretofore on the 31st day of August, 1936, taken an interlocutory judgment against the said J. J. Hart, after the service of citation was complete against the said J. J. Hart, the plaintiff took said judgment for the principal, interest and attorneys' fees on the note sued on. It further appearing to the court that the said J. J. Hart is a resident of the State of Texas, but now temporarily absent from the state in a hospital." In the judgment the court further finds: "That the defendant J. J. Hart is a resident of the State of Texas, but is now temporarily absent from the State of Texas in a hospital, that he had been served with citation as required by law."

■ Relating to the special defenses pleaded by appellants, the court found, as shown by the judgment: "That the defendant J. J. Hart as between the defendants herein is principal on the note and the defendants, Edgar T. Hart, S. W. Hart, and George S. Hart, are sureties, and are entitled to a judgment against the said J. J. Hart for such amount, each, as he may have to pay on this judgment, and are entitled to the relief given them by law, as sureties."

■ The judgment was "pronounced" September 21, 1936, and "entered" on October 1, 1936. There are no exceptions or objections to the findings by the court, relating to facts upon which the judgment is based. The statement of facts purports to be a record of the testimony adduced upon the trial of the case on October 21, 1936, the day on which the case was tried between the participating parties. The court found as a fact that plaintiff requested and procured an interlocutory judgment against J. J. Hart, on August 31, 1936. To do this it was necessary for the court to find, as it did, that process had been served upon the defendant as provided by law, and that it had jurisdiction of his person. Such a proceeding is fully authorized by article 2155, Rev.Civ.Statutes; 25 Tex.Jur. p. 412, § 45, and authorities there cited.

■ The statement of facts before us does not attempt to disclose what testimony was offered at the time the interlocutory order was entered, and in the absence of a transcript of that testimony, and the unchallenged finding by the court, we must assume that there was sufficient testimony offered to support the findings by the court. The recitals in the judgment import the highest evidence of verity. · Hopkins v. Donaho, 4 Tex. 336; Smith v. Crank (Tex. Civ.App.) 259 S.W. 989. Such recitations in the judgment will be taken as true when there is nothing in the record to contradict them. 3 Tex.Jur., pp. 789, 790, § 562.

■ Appellants have presented this appeal to us upon the theory that they were sureties and not principals, as between them and appellee, and that because J. J. Hart was a nonresident of the state, no valid judgment could be rendered against him, therefore none could be rendered against them; the contention being based upon the provisions of article 1987, Rev.Civ.Statutes. Upon the record before us, the judgment against J. J. Hart, whom appellants claim was their principal, was justified and must be upheld; this takes the case out of the provisions of article 1987 and brings it clearly within article 1986, Rev.Civ.Statutes. Even to concede that appellants' pleadings were sufficient to warrant the introduction of testimony tending to contradict the written instrument sued on, and considering the testimony offered, as quoted above, the court found against the contention. There was ample testimony in virtue of the instrument sued on to support the court's findings, and we are bound by. it. · The authorities cited by appellants are based upon the theories above indicated, and from what we have said we do not con-

sider them applicable to the issues as made by the record.

We have carefully considered the suggestions of fundamental error set out in appellants' "propositions," and must overrule them. We have diligently searched the record for other fundamental errors, finding none. The judgment of the trial court should be affirmed. It is accordingly so ordered.