Mary A. PRUETT, Appellant,

v.

Roxie SPROUSE et vir, Appellees.

No. 10309.

Court of Civil Appeals of Texas.

Austin.

April 13, 1955.

Victor Gleckler, R. C. Wilson, Austin, for appellant.

Carl C. Hardin, Jr., Q. C. Taylor, Austin, for appellees.

HUGHES, Justice.

This is an appeal from an order denying appellant, Mary A. Pruett, a "mandatory temporary injunction."

Appellees are Roxie Sprouse, daughter of appellant and Martin G. Pruett, and her husband, Clyde Sprouse.

Appellant's sworn petition alleged that she and Martin G. Pruett had been married for more than 67 years and that she desired and was entitled to live with her husband but that he was being wrongfully detained by appellees in their home; that he was physically unable to leave such home and that she, appellant, was afraid to enter appellees' home for any purpose. Appellant prayed that her husband be restored to her care and company.

Appellees filed a sworn denial.

More details of this controversy may be learned by referring to our opinion in Pruett v. Hamilton, 263 S.W.2d 193, writ ref., N.R.E., and related cases therein cited.

There is no statement of facts and no findings of fact.

Rule 385(d), Texas Rules of Civil Procedure, provides that where the appeal is from an order denying a temporary injunction the cause may be heard in the Court of Civil Appeals " * * * on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the court below."

The order denying the temporary injunction recites that the court heard evidence of "both parties." Just what this evidence was we have no way of knowing. It is impossible for us to determine that the trial judge did or did not abuse his discretion in denying appellant's petition for a temporary injunction when the evidence upon which such order was based is not before us. It was appellant's duty to bring up this evidence and having failed to do so the trial court's judgment must be and is affirmed.

Affirmed.