**BOARD OF INSURANCE COMMISSION-
ERS of the State of Texas, Appellant,**

v.

**Homer B. ADAMS, Appellee.**

No. 10394.

Court of Civil Appeals of Texas.

Austin.

Jan. 18, 1956.

Rehearing Denied Feb. 8, 1956.

John Ben Shepperd, Atty. Gen., Will D. Davis, Royston Lanning, Robert O. Fagg, Asst. Attys. Gen., for appellant.

Cofer & Cofer, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the District Court granting appellee a temporary injunction restraining appellants from in any manner interfering with appellee from acting as an independent insurance counselor until the final determination of this suit, or in any way notifying or informing any person that he is not entitled to act as such counselor until the final disposition of this case.

This appeal is based on the question: Does the trial court have the jurisdiction to grant injunctive relief, pending a hearing on the merits, in an appeal from the Board of Insurance Commissioners' refusal to issue a license to act as an insurance counselor, where such action suspends the operation of valid state statutes, and where an adequate remedy at law exists?

We do not believe that the trial court had the power to authorize one who does not have a license, duly issued by the Board, to act as an independent insurance counselor.

This appeal is from an order dated October 19, 1955, of the Board, an administrative agency, refusing appellee a temporary and a permanent license to act as a life insurance counselor, under the terms of Article 21.07–2 of the Texas Insurance Code, V.A.T.S.

On October 17, 1955, the Board made its specific findings based on all evidence presented, that it had received applications for licenses to act as an insurance counselor and as an agent to solicit life, health and accident insurance on a temporary as well as nontemporary basis; that appellee was notified by the Board of its intention to deny a temporary life insurance counselor's license and temporary life, health and accident insurance agent's license.

The Board on the same date advised appellee that a hearing on his application for a nontemporary life, health and accident insurance agent's license, and for a nontemporary life insurance counselor's license had been set for October 10, 1955.

Upon request for specific findings as to the grounds upon which the Board had formed its intention to deny temporary licenses, the Board on September 26, 1955, advised the attorney for appellee that the lack of honesty and a prior conviction of a felony, and a violation of the insurance laws in soliciting from B. J. Mueller on February 12, 1954, an application for a policy of life insurance to be issued by Sam Houston Life Insurance Company, appellee not then being licensed as a life insurance agent, and in like manner and under similar conditions did solicit an application for a policy of life insurance from Frank E. Ledwig on October 15, 1954.

Findings were that appellee had been convicted of a felony; had violated the provisions of the insurance laws; a lack of trustworthiness, and not of good character and reputation, and on October 19, 1955, the Board entered its final order as follows:

"Application for Life, Health and Accident Agent's License—Homer B. Adams

"Application for Life Insurance Counselor's License—Homer B. Adams

"On the 17th day of October, 1955, came on for consideration before the Board of Insurance Commissioners of the State of Texas, the application of Homer B. Adams for a life, health and accident insurance agent's license and the application of Homer B. Adams for a life insurance counselor's license; and the said Homer B. Adams did appear in person and by counsel, and the Board having duly considered all evidence presented, makes its specific findings, to-wit

"1. That on September 13, 1955, the said Homer B. Adams transmitted to the Board of Insurance Commissioners application for a life insurance counselor's license and application for a life, health and accident insurance agent's license, each of such applications requesting temporary licenses as well as non-temporary licenses. Such applications were received by the Board of Insurance Commissioners on September 14, 1955.

"2. That on September 17, 1955, the Board of Insurance Commissioners, by registered letters addressed to the applicant, advised him of its intention to deny the issuance of temporary life insurance counselor's license and temporary life, health and accident insurance agent's license. By the same registered letters, the Board advised the applicant that a hearing on his application for a non-temporary life, health and accident insurance agent's license had been set for 10:00 A.M., October 10, 1955, and that a hearing on his application for a non-temporary life insurance counselor's license had been set for 10:30 A.M., October 10, 1955, and by these same registered letters applicant was notified of the Board's intention to deny issuance of said non-temporary licenses.

"3. That on September 21, 1955, John D. Cofer, attorney for the said

Homer B. Adams, expressly requested that the applicant be furnished with written specification as to the grounds upon which the Board of Insurance Commissioners had formed its intention to deny issuance of temporary life insurance counselor's license and temporary life, health and accident insurance agent's license; and John D. Cofer further requested that the applicant be furnished with written specifications upon which it is contended that the Life Insurance Commissioner is not satisfied with the honesty and trustworthiness of the applicant; and John D. Cofer further requested that specific grounds, charges, and reasons be furnished the applicant upon which the Board has formed its intention to deny the issuance of both non-temporary licenses.

"4. That on September 26, 1955, by letter addressed to John D. Cofer, the Board advised that the lack of honesty and trustworthiness of the applicant had been called to its attention is that the applications disclosed his having been convicted of a felony. By this same letter, the Board advised John D. Cofer that its records showed the applicant to have violated the insurance laws by performing acts of agency without a license, and advised that some specific cases of this type had been brought to the attention of the applicant in the hearing on revocation of license issued to applicant's wife, June Lee Knight Adams. By this same letter the Board advised John D. Cofer that the criminal conviction demonstrated that the applicant has been guilty of fraudulent and dishonest practice and is not of good character and reputation. Applicant was further advised, through his attorney, that the Board's files were replete with instances of the applicant's having made incomplete comparisons regarding the terms or conditions of life insurance policies, such comparisons having been made for the purpose of inducing the

owners of life insurance contracts to surrender such policies.

"5. That by agreement with John D. Cofer, counsel for the said Homer B. Adams, hearings which had been set for October 10 were postponed until October 17. On October 17 by agreement with counsel for applicant, evidence respecting applications for life, health and accident insurance agent's license and life insurance counselor's license was heard at one hearing.

"6. That the said Homer B. Adams did, on or about October 15, 1954, solicit from Frank E. Ledwig an application for a policy of life insurance to be issued by Sam Houston Life Insurance Company, the said Homer B. Adams not then being licensed as a life insurance agent.

"7. That on or about February 12, 1954, the said Homer B. Adams did solicit from B. J. Mueller an application for a policy of life insurance to be issued by Sam Houston Life Insurance Company, the said Homer B. Adams not then being licensed as a life insurance agent.

"8. That on or about March 8, 1949, the said Homer B. Adams was adjudged guilty of theft and theft by bailee, a crime involving moral turpitude, and was sentenced to confinement in the penitentiary of the State of Texas for a term of not less than two nor more than three years, such judgment and sentence having been ordered by the Criminal District Court of Bexar County, Texas.

"9. That the said Homer B. Adams has wilfully violated provisions of the insurance laws of this state.

"10. That the said Homer B. Adams has demonstrated lack of trustworthiness and competence to act as a life insurance agent.

"11. That the said Homer B. Adams has been guilty of fraudulent and dishonest practices; and that the said

Homer B. Adams is not of good character and reputation.

"Premises considered, the Board of Insurance Commissioners of the State of Texas, in conformity with applicable statutes, hereby orders that no life, health and accident insurance agent's license, either temporary or non-temporary, and no life insurance counselor's license, either temporary or non-temporary be issued to the said applicant; and the Board further orders that a copy of these minutes be filed in its office and that a copy be sent by registered mail to the applicant, Homer B. Adams, and that a copy be sent by registered mail to the insurer concerned, Sam Houston Life Insurance Company.

"/s/ Garland A. Smith
_____
Garland A. Smith, Chairman

/s/ R. E. Rustin
_____
R. E. Rustin, Chief Clerk
Acting in the Necessary
Absence of Mark Wentz,
Commissioner

/s/ J. Byron Saunders
_____
J. Byron Saunders, Commissioner"

The Board filed a plea to the jurisdiction of the court, because the statutes governing appeals do not contemplate or authorize injunctive relief, as provided by Section 13 of Chapter 213, Acts 54th Legislature, pages 628–629, V.A.T.S. Insurance Code, art. 21.07–1, and other sections.

Special exceptions were made by the Board to appellee's pleadings and by way of original answer appellant denied all and singular appellee's allegations.

On November 3, 1955, the court overruled the plea to the jurisdiction and the temporary injunction was granted by the court restraining the Board from interfering in any manner with Homer B. Adams from acting as independent insurance counselor until the final determination of the suit.

The appellee had the right to appeal from the action of the Board in refusing to renew his license, but the statute does not provide for a stay by the court pending a trial.

Article 21.07, sec. 4, provides only for the right of appeal as in other civil suits.

The Board, under Article 21.07, was vested with the duty of determining whether a license should be issued, and section 4 provides:

"It shall be the duty of the Board of Insurance Commissioners to make diligent inquiry into the fitness of agents to continue as such, and to cancel a license once issued, or to refuse an application for a new license of any person found not to be of good character or reputation, or who shall willfully violate any of the provisions of this article, or other of the insurance laws of the State of Texas."

Section 4 also provides the procedure that the Board must follow in cancelling a license and provides for a review of such order by redress in the courts. The Legislature made no provisions for a stay by the Court on appeal of the Board's order pending appeal and we do not believe that the act intended that such a stay be granted.

Section 13 providing for an appeal from an order of the Board gives the action (of appeal) a preference over all other causes of a different nature on the docket.

The appeal, in view of the amendment, Art. 21.44, doing away with the substantial evidence rule and providing for a trial de novo, is to be tried and determined upon a trial de novo, etc.

In this connection we cite the case of Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, in which the Supreme Court discussed trials in appeals from an administrative body and the extent the Court is permitted to exercise its power.

■ The Board is an administrative body of a discretionary fact finding power and the Court will not substitute its own discretion for that of the Board. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Board of Firemen's Relief and Retirement, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181.

■ The effect of the temporary injunction is to suspend the operation of valid statutes, the enforcement of which is the duty and obligation of the Board of Insurance Commissioners. The public has a right to expect and demand of the Board that it discharge its responsibility. The matters of granting or refusing to renew a license are addressed to the discretion of the Board.

■ The order granting a temporary injunction staying the order of the Board of Insurance Commissioners is dissolved and appellee herein must proceed with their appeal as provided by the Insurance Code of Texas.

On January 5, 1956, after the submission of this case appellant filed a Motion to File Transcript of Proceedings in this cause, none having been heretofore filed.

Appellee has filed objections to the filing of the transcript of testimony in the trial court.

■ We have overruled the motion because it is too late to permit filing of such statement of facts under Rule 385, Texas Rules of Civil Procedure. The tendered transcript of the proceedings was not approved by attorneys for appellee, Rule 377 (d).

We are without jurisdiction under the circumstances to now permit the filing of such transcript or statement of facts. Rules 5, 377(d) and 385, T.R.C.P. Huckman v. Campbell, Tex.Civ.App., 252 S.W.2d 604, mand. overr.; Walden v. Sanger, Tex. Civ.App., 250 S.W.2d 312.

Reversed and temporary injunction dissolved.