Duane H. McDONALD, Appellant,

v.

DEBCO CORPORATION OF TEXAS, Appellee.

No. 3651.

Court of Civil Appeals of Texas.

Eastland.

Sept. 22, 1961.

Donald J. Metcalfe, Dallas, for appellant.

Jack K. Currey, Abilene, for appellee.

GRISSOM, Chief Justice.

This is an appeal by Duane H. McDonald from an order refusing to grant an injunction against Debco Corporation of Texas. McDonald sued said corporation for damages for breach of a contract. He alleged that in September, 1960, they had a verbal contract that defendant would deliver to him gasoline products having a certain octane rating; that immediately following commencement of deliveries it was agreed that said rating should be increased to .88; that defendant extended to McDonald a $20,000 open credit so that he might fulfill said agreement and McDonald executed a deed of trust upon real estate in Colorado to secure its payment; that, "immediately following the initial deliveries" McDonald learned that the products delivered were of inferior quality and contained a noxious odor; that he complained to defendant's agents but was unable to obtain a price adjustment; that, on October 5, 1960, said $20,000 credit was exhausted and McDonald was placed on an open account basis and payments were agreed to be made on receipt of invoices for the products delivered; that, while operating on such basis, plaintiff paid defendant $55,000 for oil products, although he continued to receive an inferior quality; that in December, 1960, defendant was late with its deliveries, causing McDonald's underground storage tanks to become practically empty and heavy rains flooded the tanks out of the ground and plaintiff was required to close said stations until repairs could be made and the tanks filled; that in December, 1960, McDonald agreed that for each delivery made he would pay an equal amount of money on his past-due account, "created by the delivery of inferior products", and he executed checks therefor to defendant which were not paid because the products were inferior. He prayed for $675,000 damages and sought to enjoin defendant from attempting to collect the checks and note or to foreclose its deed of trust lien. The defendant excepted to said petition and denied all of plaintiff's allegations. Thereafter, McDonald filed a supplemental petition in which he alleged that, subsequent to the filing of his petition, the defendant had filed a motion in a Colorado Court to have the public trustee sell the Colorado realty and that such a sale would prejudice his rights, because said property secured a "purported" indebtedness which is a necessary part of plaintiff's case, and would cause irreparable damage, and, unless enjoined, defendant would harass plaintiff by trying to collect said debts and foreclose said lien. Plaintiff's petition was verified. A restraining order was entered. Thereafter, Debco filed a motion to dissolve it and an answer to plaintiff's petition for a temporary injunction. The answer was verified. Defendant specially denied that the value of the Colorado property was in excess of $20,000, the amount of plaintiff's note; that its motion to sell the Colorado property was an attempt to dispose of same to the prejudice of plaintiff, or that a sale would prejudice plaintiff's rights in this case. It denied that said indebtedness is a necessary or integral part of plaintiff's cause of action, or that a sale would cause irreparable injury. Defendant denied that the products delivered were of inferior quality and alleged that plaintiff had

an adequate remedy at law. Defendant alleged that plaintiff had not alleged and could not allege specific facts which showed plaintiff was entitled to an injunction, or that irreparable injury would result from a sale of said realty or from an attempt to collect said note and checks. Defendant alleged that no immediate or irreparable injury could be shown as the probable result of a sale of the Colorado realty under its deed of trust because the law of Colorado provides a redemption period of six months after such a sale. Defendant alleged that plaintiff had an adequate remedy at law, to-wit, his suit for damages; that, so far as said $20,000 note was concerned, plaintiff had by its execution obtained from defendant $20,000 worth of oil products, accepted delivery therof, sold same and appropriated the money to his own use and refused to pay said note; that, so far as the checks are concerned, plaintiff obtained deliveries of gasoline upon his representation that he would pay such amounts; that plaintiff accepted such products, sold same and appropriated the money to his own use, and refused to pay the checks issued in payment therefor. Wherefore, defendant prayed that the restraining order be dissolved and an injunction denied. Said motion was granted. From an order refusing a temporary injunction McDonald has appealed.

Appellant contends that such refusal constitutes an abuse of discretion as a matter of law.

There is neither a statement of facts, nor finding of facts, in the record. There are no bills of exception. Appellant says that no evidence was heard and that judgment was rendered on the pleadings alone. Appellee disagrees with this statement. Appellee contends that because the judgment recites that the court heard evidence and this court cannot know what that evidence was we cannot determine whether the court abused its discretion in denying a temporary injunction. The judgment recites that all parties appeared and the court,

having considered "the pleadings, the evidence, and the argument of counsel, and it appearing that plaintiff is not entitled to a temporary injunction * * *", etc. As shown, the judgment recites that the court heard evidence. Such recital cannot be contradicted by appellant's brief. We are required to presume that evidence was introduced which supports the judgment refusing to grant a temporary injunction. In Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, 966, the court said:

"* * * where evidence was introduced, it must in some appropriate way be included in the record. Under such statute, and in the absence of evidence in the record to the contrary, everything must be presumed in favor of the judgment of the trial court. A statement of facts showing testimony introduced and heard by the trial court does not properly accompany this record. Therefore it cannot be considered. Kell Milling Co. v. Bank of Miami, (Tex.Civ.App.) 168 S.W. 46; Sutherland v. Cabiness (Tex.Civ.App.) 146 S.W. 331, 332 (writ denied)."

In Pruett v. Sprouse, Tex.Civ.App., 278 S.W.2d 290, 291 (Writ Ref.), the court said:

"The order denying the temporary injunction recites that the court heard evidence of 'both parties.' Just what this evidence was we have no way of knowing. It is impossible for us to determine that the trial judge did or did not abuse his discretion in denying appellant's petition for a temporary injunction when the evidence upon which such order was based is not before us. It was appellant's duty to bring up this evidence and having failed to do so the trial court's judgment must be and is affirmed."

In Andrle v. Fajkus, Tex.Civ.App., 209 S.W. 752, 753, the judgment recited that:

"Upon hearing of the pleadings, proof, and argument of counsel, the

**224**

court decided that there was no question to be submitted to the jury, and proceeded to find that the law and the facts are with the plaintiff * * *."

In that case the appellant did not file a statement of facts but contended in its brief, as does appellant here, that the court did not hear evidence. The court held that it should conclusively presume that the court did hear evidence, that the judgment as entered, which imported verity, was the only evidence before the appellate court of what the proceedings were and that it could not consider appellant's contention that no evidence was heard, since the judgment recited the contrary. The following authorities are to the same general effect. Higgins v. Mossler Acceptance Company, Tex. Civ.App., 140 S.W.2d 532, 533; Allen Motor Sales Company v. Johnson, Tex.Civ. App., 64 S.W.2d 988, 989 (Writ Dis.); Hart v. Foster, Tex.Civ.App., 109 S.W.2d 504 (Writ Dis.); Smith v. Crank, Tex.Civ. App., 259 S.W. 989; Houston Fire & Casualty Co. v. Walker, 152 Tex. 503, 260 S.W. 2d 600; 3 Tex.Jur. 789; 3 Tex.Jur.2d 696; 4 Tex.Jur.2d 117. We must presume that the evidence heard justified the refusal of the temporary injunction.

■■ Appellant's main suit was one for damages for breach of an oral contract. He does not attack the validity of the note, deed of trust or checks. He admits their execution. He admits execution and delivery of the note and deed of trust in consideration of $20,000 credit, the extension of such credit by appellee and its acceptance and exhaustion by appellant. The real controversy is whether appellee breached a verbal contract by delivering inferior products and, if so, how much appellant was damaged thereby. There is no suggestion that appellee is "judgment proof". Neither the note, deed of trust, nor checks are the subject matter of such controversy. We do not think appellant's pleadings clearly show all facts necessary, nor negative every hypothesis on which appellee's acts might be lawful, to entitle

appellant, as a matter of law, to an injunction. 24 Tex.Jur. 222. Generally granting or refusing a temporary injunction is within the sound discretion of the trial court. We cannot say from this record that the court abused its discretion. The judgment is affirmed.