Eddie CUNNINGHAM et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 16003.

Court of Civil Appeals of Texas.

Dallas.

Jan. 5, 1962.

Rehearing Denied Feb. 2, 1962.

Heath, Rosenthal, Atlas & Cattanach, Houston, for appellants

Will Wilson, Atty. Gen., and Marvin F. Sentell, Asst. Atty. Gen., for appellee.

DIXON, Chief Justice.

This is an appeal from a temporary order "restraining and enjoining Eddie Cunning- ham and Cunningham Transport, Inc., their agents, servants and employees from aiding and abetting, using or employing motor trucks in the transportation of commodities for hire over the public highways of the State of Texas between incorporated cities, towns or villages without the owners of said motor trucks first having obtained a certificate of public Convenience and Necessity or a Permit issued by the Railroad Commission of Texas for the operation thereof; * * *."

It is undisputed that appellants were actually served with notice of hearing to be held on the State's application for temporary injunction. It is undisputed also that they filed an answer to the application and that on the appointed day they were present and participated in the hearing. In their brief they say that a hearing was had, evidence was heard and that they, as defendants, rested without the introduction of any evidence.

Nevertheless, in their first point on appeal appellants attack the validity of the order granting the temporary injunction on the alleged ground that the statute under which the suit was brought is unconstitutional because the said statute, Art. 1690b (c) of our Vernon's Ann. Penal Code, does not explicitly provide within the body of the statute itself for notice and the right to a hearing. It is appellants' contention that this omission violates Art. 1, § 19 of the Contitution of the State of Texas, Vernon's Ann.St., the due process provision.

There is no merit to appellants' contention. Under Art. 5, § 25 of our State Constitution our Supreme Court is given power to make and establish rules of procedure to be followed in our courts. The Legislature pursuant to said Constitutional provision has enacted Arts. 1731 and 1731a, Vernon's Ann.Civ.St. Our Supreme Court in exercising the powers so granted has promulgated Rules 680, 681, 685 and 686 Texas Rules of Civil Procedure. These Rules expressly require notice and hearing before a temporary injunction may be

**516**

granted. Secs. (b) and (c) of Art. 1690b, Vernon's Ann. Penal Code, provide that District Courts may issue an injunction such as the one here involved, but the statute does not attempt to lay down rules of procedure for injunctions. For such procedure we must look to the Rules above cited.

Appellants rely on Francisco v. Board of Dental Examiners, Tex.Civ.App., 149 S.W. 2d 619 (err. ref.) However, our Supreme Court in Industrial Accident Board v. O'Dowd, 157 Tex. 432, 303 S.W.2d 763 has distinguished the Francisco case from a case such as is now before us. We quote from the Supreme Court opinion:

> "A holding that a statute must expressly provide for notice or it is invalid is patently unsound. It is a common thing for a court to recognize and enforce implied or implicit clauses in both statutes and contracts. To hold that implied provisions could not be afforded validity when a constitutional due process clause is involved would be to reverse the general rule of construction that a statute must be construed so that it will be constitutional and hence valid if the language thereof is reasonably susceptible to such construction.

> "Obviously if the explicit provisions of a statute direct an administrative board to proceed without notice in contravention of the constitutional due process requirements (as in the Francisco case) there would be no room for a presumption that the Legislature intended that a notice be given. However, on the other hand, we must assume that the Legislature intended to enact a valid law, and in the absence of express language to the contrary, intended that the administrative board should proceed in accordance with constitutional requirements. The Board here construed the statute as requiring notice and notice was actually given."

Appellants' first point is overruled.

The order granting the temporary injunction was dated June 15, 1961. Appellants did not tender a statement of facts for filing in this Court until the day before the appeal was submitted to us on December 8, 1961. No extension of time for filing had been requested. We had no alternative but to instruct the Clerk to refuse to accept the tendered filing. Board of Insurance Commissioners, etc., v. Adams, Tex.Civ.App., 286 S.W.2d 698; Huckman v. Campbell, Tex.Civ.App., 252 S.W.2d 604; Rule 385 T.R.C.P. Consequently we are faced with a situation where there is no statement of facts before us.

Under these circumstances we must presume that the order was supported by sufficient evidence. McDonald v. Debco Corp. of Texas, Tex.Civ.App., 350 S.W.2d 221. Pruett v. Sprouse, Tex.Civ.App., 278 S.W.2d 290; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, 966. Appellants' second point is that there was no evidence to sustain the court's order for temporary injunction. The point is overruled.

In their third point appellants contend that the trial court erred in not limiting the scope and effect of the temporary injunction to the geographical area of the 14th District Court, said geographical area being the same as Dallas County, Texas. This contention is based on the holding in Ford v. Tyson, County Attorney, Tex.Civ.App., 43 S.W.2d 619, 621 where it is said:

> "Under the plain provisions of the statute in question, any district judge, upon the sworn application therefor by any county attorney, has a right by injunction to restrain parties from violating said law in any county within his judicial district."

Notwithstanding, the holding in the Tyson case, we find ourselves unable to agree with appellants in this case. It is well known that the remedy of injunction acts, not in rem, but in personam. City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d

973, 976, 77 A.L.R. 709; 24-A Tex.Jur. 192. Here it is undisputed that the 14th District Court had jurisdiction of the persons of both appellants. That being so, the court could properly restrain appellants' acts and conduct though the subject matter might be situated outside the boundaries of the 14th Judicial District. Roberts v. Stewart Farm Mortgage Co., Tex.Civ.App., 226 S.W. 1108; 24-A Tex.Jur. 192; 30 C.J.S. Equity § 81, p. 439; 43 C.J.S. Injunctions § 168, p. 795.

Appellants' third point is overruled.

The judgment of the trial court is affirmed.