**T. H. G. K. & T. CORPORATION, Appellant,**

v.

**Virginia Pitts LIPE et al., Appellees.**

No. 6830A.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 13, 1966.

Thompson, Hippard, Gibson, Korioth & Tita, Houston, Edgar L. Berlin, Beaumont, for appellant.

James D. McNicholas, Beaumont, for appellees.

PARKER, Justice.

This is an appeal from a judgment refusing to issue a temporary injunction on the application of T. H. G. K. & T. Corporation seeking to enjoin the sale of 20.6 acres of land in Montgomery County, Texas, by James D. McNicholas, trustee in deed of trust. The judgment of the trial court was rendered and entered on the 1st day of November A. D., 1965, to which action and ruling of the court said corporation excepted and gave notice of appeal. Appeal bond was duly filed. The appellant, T. H. G. K. & T. Corporation, failed to file a properly authenticated statement of facts

within the time allowed for that purpose. Transcript was timely filed.

Under Texas Rules of Civil Procedure Rule 385, this cause may be heard in this court on the bill and answer and such affidavits and evidence as may have been admitted by the jduge of the court below. There is no statement of facts. However, this court has jurisdiction over the appeal though no statement of facts was timely filed. The scope of review is limited so that we cannot consider any error asserted that requires an examination of a statement of facts not before this court. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Dyche v. Simmons, 264 S.W.2d 208 (Tex.Civ.App., err. ref., n. r. e.) ; Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683.

Although no assignments of error are required of appellant, it has presented a sole point of error:

"Defendants Lipe failed to make demand for payment of the September 1965 installment and failed to give notice of their intention to accelerate the note absent payment. These are prerequisites to acceleration demanded by equity despite any waiver of demand or notice to be found in the note or deed of trust."

From the pleadings, it appears: On July 28, 1964, Virginia Pitts Lipe and husband, Kenneth L. Lipe, conveyed a 20.6 acre tract of land in Montgomery County, Texas, to T H. G. K. & T. Corporation, retaining a vendor's lien to secure the payment of an installment vendor's lien note in the principal amount of $19,550.00 given in part payment for the land. On the same day T. H. G. K. & T. Corporation executed a deed of trust conveying the same property to James D. McNicholas to secure the payment of said note, the Lipes being named as "Beneficiary". The note, deed and deed of trust having been executed at the same time, will be construed as one contract. San Antonio Real Estate, Bldg. & Loan

Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386. Omitting the description of the 20.6 acres of land, the note is as follows:

"$19,550.00 , Texas,

July 28, A.D. 1964.

For Value Received, I, we, or either of us, the undersigned, promise to pay to VIRGINIA PITTS LIPE and husband, KENNETH L. LIPE, the sum of NINETEEN THOUSAND, FIVE HUNDRED FIFTY AND NO/100 ($19,550.00) DOLLARS with interest from date at the rate of six and one-half (6½%) per cent per annum, both principal and interest payable at First Security National Bank of Beaumont, Texas.

The principal of this note is payable in equal monthly installments of $170.-32 each, including interest at the rate of six and one-half (6½%) per cent per annum, the first installment being due and payable on or before the 1st day of September, A.D. 1964, and one installment to become due and payable on or before the 1st day of each succeeding month thereafter until the whole principal sum is paid, together with all interest due thereon, and all past due principal and interest shall bear interest from maturity at the rate of ten per cent per annum.

This note is given in part payment for a certain lot or parcel of land situated in Montgomery County, Texas, described as follows, to-wit:

(here is description of the 20.6 acres of land which is omitted herein)

this day conveyed to the undersigned, by VIRGINIA PITTS LIPE and husband, KENNETH L. LIPE, and to secure the payment of same, according to the tenor hereof, a Vendor's Lien is retained in said conveyance, and is hereby acknowledged, and as further security for the payment hereof, a Deed of Trust is this day given to JAMES

D. McNICHOLAS, Trustee, for the benefit of the holder hereof.

This note is this day given by the undersigned as part of the purchase price for said above mentioned property, and it is understood and agreed that failure to pay this note, or any installment as above promised or any interest hereon, when due, shall, at the election of the holder of said note, mature said note, and it shall at once become due and payable, and the Vendor's Lien or the Deed of Trust Lien herein mentioned, either or both, shall become subject to foreclosure proceedings, as the holder may elect.

And it is hereby specially agreed that if this note is placed in the hands of an attorney for collection, or if collected by suit or through the Probate Court, the undersigned agree to pay ten per cent additional on the principal and interest then due hereon as attorney's fees.

T.H.G.K. & T. CORPORATION

By     /s/ L. M. Thompson
L. M. THOMPSON, President

ATTEST:

/s/ Tony Konsoth
Secretary"

In the deed of trust T. H. G. K. & T. Corporation did covenant and agree: (1) To make prompt payment of the aforementioned indebtedness, both principal and interest, as the same shall become due and payable (referring to the $19,550.00 installment note); (2) to pay as the same shall become due and payable, all taxes and special assessments, now chargeable to or assessed against or hereafter chargeable to or assessed against the above described property. The deed of trust further provides:

"But if the grantors make default in the punctual payment of said indebtedness or any part thereof, principal or interest, as the same shall become due and payable, or if the grantors breach any of the covenants herein contained to be performed by grantors, then and in any of such events the entire indebtedness hereby secured with all interest and all other sums hereby secured may, at the option of the beneficiary, or other holder hereof be immediately matured and become due and payable without demand or notice of any character, and it shall thereupon, or at any time thereafter, be the duty of the trustee, and of his successor or substitute * * *." Followed up by the usual provisions as to the duty of the trustee.

From the pleadings it appears: (1) the note was payable at a specific place, namely: at the office of the First Security National Bank at Beaumont, Texas. (2) Presentment for payment was dispensed with by the express provisions of Art. 5937, §§ 82 and 70, R.C.S.T. (3) An installment on the $19,550.00 note was due and payable on September 1, 1965, in the amount of $170.32 which admittedly was not paid when due and payable. (4) On September 15th such installment had not been paid and taxes on the property were delinquent.

The judgment entered in the trial court below on November 1, 1965, recites:

"* * * and all parties having announced ready for trial and following which the Court, sitting without the intervention of a Jury proceeded to hear the Pleadings, evidence and arguments, and at the conclusion thereof was of the opinion that the evidence and the law was insufficient to warrant the granting of said Application of the Plaintiffs herein and that same should be and it was in all things refused.

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that Plaintiff's Application for Temporary Injunction seeking to enjoin the sale of 20.6 acres of land out of the J. M. Evereitt Survey, Abstract Number 179, Montgomery County, Texas,

and being more particularly described in Plaintiff's Application should be and the same is in all things refused."

 The judgment of the trial court was regular in all respects. Under the pleadings it had the power to render such a judgment for the appellees alleged that on September 15, 1965, the installment payment of $170.32 had not been paid at which time taxes on the mortgaged property were also delinquent, whereupon the payees of the note and beneficiaries of the deed of trust elected to accelerate the maturity of all installments on the note and the entire indebtedness owed to them by appellant, giving notice to appellant of their intention so to do, made formal demand of appellant for payment of the entire indebtedness and requested the trustee in the deed of trust to sell the land at trustee's sale.

There being no statement of facts, it will be presumed that the evidence adduced in the trial court supports the judgment of the trial court. There is no fundamental error.

Judgment of the trial court affirmed.