Sammy **THORNTON**, Appellant,

v.

**CITY OF KLEBERG**, Texas et al., Appellees.

No. 16882.

Court of Civil Appeals of Texas.

Dallas.

Dec. 9, 1966.

**462**

Horace G. Goodrich, Dallas, for appellant.

B. Robt. Baker, of Saner, Jack, Sallinger & Nichols, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

Sammy Thornton instituted this action seeking to enjoin the City of Kleberg, Texas, its mayor, city secretary and city attorney from interfering with the operation of Thornton's trucking business and completion of his garage and storage facilities upon the property involved located in the City of Kleberg. The City filed its cross-action to enjoin Thornton from operating his business, and the erection and construction of a garage and storage facilities upon the property involved in violation of the Comprehensive Zoning Ordinance of the City of Kleberg. Judgment was entered denying Thornton a temporary injunction and granting the City an injunction against Thornton as prayed.

Appellant Thornton has perfected his appeal to this court by the timely filing of a transcript but has filed no statement of facts or brief in support of his appeal. Pursuant to Vernon's Texas Rules of Civil Procedure, Rule 385, this cause may be heard in this court on the bill and answer and such affidavits in evidence as may have been admitted by the judge of the court below. Under this rule neither the filing of a statement of facts or brief is required on appeal. However, in the absence of a statement of facts the scope of our review is limited and we must presume that the judgment of the trial court was supported by sufficient evidence. Cunningham v. State, Tex.Civ.App., 353 S.W. 2d 514; McDonald v. Debco Corp. of Texas, Tex.Civ.App., 350 S.W.2d 221; T.H. G.K. & T. Corp. v. Lipe, Tex.Civ.App., 399 S.W.2d 408.

Our Supreme Court has repeatedly enunciated the rule that on appeal from interlocutory orders and injunction matters the narrow question is whether the trial court abused its discretion in entering the order appealed from and further, that such order should not be overturned unless the record discloses the clear abuse of such discretion. Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235; Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589.

Without a statement of facts, this court cannot say that the trial court abused its discretion in denying appellant an injunction and in granting appellees the injunction against appellant. International Longshoremen's Ass'n v. Galveston Maritime Ass'n, Civ.App., 358 S.W.2d 607.

No fundamental error is apparent from a careful examination of all of the papers before us. Accordingly, the judgment of the trial court is affirmed.

Affirmed.