**Affirmed and Memorandum Opinion filed December 3, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00779-CV

## IN THE INTEREST OF E.E., N.E., A.E., AND E.E., CHILDREN

**On Appeal from the County Court at Law**
**Brown County, Texas**
**Trial Court Cause No. DV1302041**

## MEMORANDUM OPINION

In this pro se appeal from an order in a suit affecting the parent-child relationship, we consider three issues challenging the trial court's determination of conservatorship and child support. For the reasons given below, we overrule each issue and affirm the trial court's order.

## BACKGROUND

Mother and Father divorced with four children. After the divorce, Mother moved to modify the decree, seeking among other things an increase in Father's child support. Father filed a counterpetition, seeking among other things to modify

the terms of conservatorship so that both parents would have equal custody and possession of the children.

The two oldest children, both of whom were over the age of twelve, were interviewed by the trial court in chambers. No record was taken of those in camera interviews.

Months after the in camera interviews, the trial court signed the order that is the subject of this appeal. In that order, the trial court appointed both parents as joint managing conservators and gave Mother the exclusive right to determine the primary residence of the three youngest children. Because the trial court ordered that both parents would share custody and possession of the oldest child on an equal basis (alternating one week with Mother and one week with Father), neither parent was given the exclusive right to determine that child's residence. The trial court further ordered that Father's monthly child support obligation would be set at $1,017, despite Father's claim that his obligation should have been reduced to $621.

Father now challenges this order. Though he was represented by counsel in the trial court, he brings this appeal pro se.

## NOTE REGARDING THE RECORD

The record in this case is thin. The only transcript that we have is from a short hearing on temporary orders. The docket sheet is also incomplete, containing no entries after the trial court's rendition of the temporary orders.

Even though we have no transcript of a trial, the final order recites that Mother and Father "appeared in person and through attorney of record . . . and announced ready for trial." A separate recital states that the trial court considered "the evidence and argument of counsel." These recitals are some indication that a trial actually occurred, which we must presume to be true absent record proof to the contrary. *See*

2

*McDonald v. Debco Corp. of Tex.*, 350 S.W.2d 221, 223 (Tex. App.—Eastland 1961, no writ) (providing that the recitals in the trial court's judgment are presumed to be correct, and that assertions in the appellant's brief are not sufficient by themselves to overcome this presumption).[1]

A record of the trial must normally be made in contested cases involving conservatorship and child support, though the record can be waived. *See* Tex. Fam. Code § 105.003(c) ("A record shall be made as in civil cases generally unless waived by the parties with the consent of the court."). Because we have no transcript outside of the hearing on temporary orders, there is no affirmative indication that the parties waived the making of a record. But Father, as the appealing party, has not challenged the absence of a record, nor has he argued that the procedures for waiving a record were not followed. Without an assertion and record support that the record was improperly waived, we presume that the record was properly waived. *See In the Interest of K.K.*, No. 02-17-00357-CV, 2018 WL 1630767, at *3 (Tex. App.—Fort Worth Apr. 5, 2018, no pet.) (mem. op.).

Furthermore, because Father did not file a statement of points or issues that might justify the preparation of a partial record, we also presume that the evidence from the omitted record supported the trial court's ruling. *See* Tex. R. App. P. 34.6(c)(1); *Colbert v. Smith*, No. 11-18-00063-CV, 2020 WL 1294622, at *1 (Tex. App.—Eastland Mar. 19, 2020, no pet.) (mem. op.).

## CONSERVATORSHIP

We take Father's issues out of order and begin with his second issue, where he argues that the trial court failed to act in the best interest of the children. The

---

[1] Because this appeal was transferred to us by order of the Texas Supreme Court, we strive to apply the precedent of the transferor court, which in this case was the Eastland Court of Appeals.

thrust of this issue appears to be that the trial court should have ordered that Mother and Father would share equal custody and possession of all of the children, not just of the oldest child.

We start with the trial court's determination as to the second oldest child, who was interviewed privately in chambers. Because that child was over the age of twelve at the time of the interview, Father had a statutory right to have the interview recorded by a court reporter. *See* Tex. Fam. Code § 153.009(f). Father did not exercise that right. An order signed by the trial court specifically noted that "a record of the interview with the children . . . will not be made," and there is no indication that Father ever objected to this absence of a record. Because no record of the in camera interview was made, we presume that there was evidence during that interview supporting the trial court's implied finding that a shared custody arrangement was not in the best interest of the second oldest child. *See In re Lau*, 89 S.W.3d 757, 760–61 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding) (presuming that there was evidentiary support for the trial court's decision where the parent did not request a record of the in camera interview).

Turning next to the two youngest children, there is no indication that the trial court privately interviewed them in chambers, but as we explained above, the recitals in the final order reflect that there was still a trial. As the party seeking a modification of the custody arrangement, Father had the burden of proving to the trial court that a shared custody arrangement was in the best interest of the children. But because there is no trial transcript supporting any of the points Father now makes on appeal, we have no basis for concluding that Father actually satisfied his burden, nor can we say that the trial court abused its discretion by ruling that Mother should be the conservator with the exclusive right to determine the children's residence.

We now turn to Father's first issue, where he argues that the trial court abused its discretion by not considering additional evidence in connection with its conservatorship determinations. Father addressed the additional evidence in a motion that he filed one month before the trial court signed its final order. In that motion, Father argued that the trial court should conduct a second interview of the two oldest children because Mother had improperly influenced them to say during their first interview that they did not want to live with Father or attempt a shared custody arrangement.

But again, without a record of the in camera interviews, we cannot confirm Father's factual assertion that the children expressed an opposition to living with Father or to attempting a shared custody arrangement. The trial court's decision that Mother and Father would share custody of the oldest child is actually some indication that Father's factual assertion is not entirely accurate.

In the absence of a record, Father attached to his motion a handwritten statement from the second oldest child, who described how Mother had falsely said that Father was "trying to take us away from her." The second oldest child further explained that "if my mother wouldn't have said that I would've like to try 50/50."

The trial court denied the motion to conduct a second interview, and the judge added these handwritten comments to the order: "I've interviewed the children prior to the final hearing. I've interviewed one of the children multiple times. I believe we had a hearing and I ruled. [Mother] needs to get orders submitted." These comments show that the trial court considered the additional evidence and was not persuaded by it.

In his brief, Father attaches certain text messages from the oldest child, which tend to show that Mother was misleading the children to believe (or she was under the wrong impression herself) that Father was seeking full custody of the children,

5

not just a shared custody arrangement. This evidence was not attached to Father's motion, and it is not part of any official record that we can consider. Even if we could consider it, this evidence is merely cumulative of the handwritten statements from the second oldest child, and those statements are insufficient to disturb the trial court's ruling because we must presume from the omitted record that the trial court heard other evidence in support of its conservatorship determinations.

## CHILD SUPPORT

In his third and final issue, Father challenges the trial court's determination of child support.

In the "Argument" section of Father's brief, this issue consists of just a single sentence reciting the standard of review. There is no analysis or any discussion of facts.

The "Summary of the Argument" section of Father's brief is slightly more focused, though it is still lacking overall. Father claims in this section that the trial court erred in its calculation of child support because Mother and Father never arrived at an agreement as to the appropriate amount of child support. Father has not cited to any authority showing that an agreement between the parties was necessary, especially considering that Mother petitioned the trial court for an increase.

In a separate point also appearing in the "Summary of the Argument" section, Father complains that the trial court did not explain how it calculated its determination of child support. As before, Father has not cited to any authority showing that an explanation was necessary. And perhaps more importantly, Father has not provided any argument or analysis as to what he believes the correct calculation should be. Based on these omissions, we conclude that the briefing is inadequate. *See* Tex. R. App. P. 38.1(i); *Fox v. Alberto*, 455 S.W.3d 659, 668 (Tex.

App.—Houston [14th Dist.] 2014, pet. denied) ("[Father] does not explain how the trial court calculated his child-support obligation, nor does [Father] make any argument as to what the correct child-support calculation should have been. [Father] has not provided any analysis, citations to the record, or citation to legal authorities. Even construing [Father's] appellate brief liberally, we cannot conclude that he has adequately briefed his third issue.").

In a reply brief, Father raises a new point, challenging certain documents that Mother referenced in support of the trial court's calculation of child support. Father contends that the documents were never submitted to the trial judge, but then he contradicts himself and asserts that "the Judge made his ruling with this information." This point underscores the importance of having a complete record, without which we have no basis for disturbing the trial court's ruling.

## CONCLUSION

The trial court's order is affirmed.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Jewell, and Zimmerer.

7