HIDALGO COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. ONE V. JAY VAN HORN ET UX.

No. 6348. Decided July 3, 1935.
(84 S. W., 2d Series, 699.)

*Brown & Bader,* of Edinburg, for plaintiff in error.

Cited, in addition to cases cited in opinion, Walker v. Lyles, 45 S. W. (2d) 315, and Reasonover v. Reasonover, 46 S. W. (2d) 382.

*Carl & Leslie,* of Edinburg, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Suit was by Jay Van Horn and wife against the Hidalgo County Water Control and Improvement District No. 1. Trial was by the court with the aid of a jury, resulting in a judgment for defendant Water Improvement District. The Court of Civil Appeals reversed and remanded the case upon alleged error of the trial judge in giving a supplemental instruction to the jury in the form of an answer to an inquiry propounded by the jury during its deliberations. 51 S. W. (2d) 641.

It is unnecessary to state the facts of the case other than those made the basis of plaintiff in error's first assignment of error, the assignment upon which the writ was granted. Defendants in error appealed to the Court of Civil Appeals by way of writ of error. Their amended motion for new trial in the trial court was overruled August 20, 1931, and on that day the writ of error bond was filed. On August 25, writ of error service was had upon the Improvement District. On November 18, 1931, more than sixty days after service on the writ of error, Van Horn and wife filed a motion in the Court of Civil Appeals requesting additional time within which to file transcript and statement of facts. The motion was granted. Plaintiff in error in its motion for rehearing in the Court of

Civil Appeals complains of the action of the court in granting the motion, moved to strike the transcript and statement of facts, and for an affirmance on certificate. The motion for rehearing was overruled, the court being of the view it came too late. 51 S. W. (2d) 642.

Plaintiff in error's first assignment complains of the action of the court in granting the motion extending the time for filing the transcript. The assignment must be sustained. The case is controlled by Hunter v. Moore, 122 Texas, 583, 62 S. W. (2d) 97, opinion upon certified question; and by Reece et al. v. Owens et al, 48 S. W. (2d) 697, affirmed in memorandum decision, opinion adopted by the Supreme Court. 123 Texas, 493, 72 S. W. (2d) 1113.

Plaintiff in error prays for a reversal of the judgment of the Court of Civil Appeals, and for rendition of such judgment by the Supreme Court as the law requires. It is held in Red et al. v. Bounds et al., 122 Texas, 614, 63 S. W. (2d) 544, in an adopted opinion, that if the sixty day period provided in article 1839 for filing transcript is allowed to expire without a motion being filed within the period to extend the time, the right to affirmance on certificate becomes absolute. Plaintiff in error was entitled to have its motion for rehearing in the Court of Civil Appeals praying for affirmance on certificate granted.

The judgment of the Court of Civil Appeals is reversed and judgment is here rendered affirming the case on certificate.

Opinion adopted by Supreme Court, July 3, 1935.