**JENNINGS v. FREDERICKS et al.**

**No. 11728.**

Court of Civil Appeals of Texas. Galveston.
July 19, 1945.

Rehearing Denied Dec. 13, 1945.

A. F. Sundermeyer, of Houston, for appellant.

Fulbright, Crooker & Freeman, H. A. Crawford, and Fowler & Conn, all of Houston, for appellees on requested reply to appellant's motion for rehearing.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, sitting without a jury, rendered on March 5 of 1945, divesting the appellant of and investing the appellees with all the title to two tracts of land in Harris County, Texas, containing two acres each, both being specifically described by metes and bounds, the first one being off the north end of 27½ acres conveyed to James Mullane by T. T. Hailey by deed recorded in Vol. 2, page 380, of the Deed Records of Harris County, Texas; the second being out of the north end of 24 acres deeded by Thomas J. Hailey to James Mullane by deed recorded in Vol. 10, page 840, of such Harris County deed records.

The court's judgment so decreeing contains this recitation:

"After the evidence of the plaintiff (appellant) was completed and plaintiff had rested her case, the defendants (appellees) made a motion for Judgment, which was overruled by the Court, and the Court, after having heard the pleadings and the evidence of all parties, and argument of counsel, is of the opinion that the law and the facts are with the defendants and cross-plaintiffs, Mary Jennings should recover nothing of and from the defendants, and the defendants, or cross-plaintiffs, should recover on their cross-action; and Plaintiff's motion to reopen the case, and, in the alternative, for the appointment of a surveyor having been heard, considered, and overruled, the same is hereby in all things overruled."

It should be added that appellant had originally filed this suit as plaintiff against the appellees as defendants, claiming in her petition against them the land which her appeal-bond herein recites was the land she had described in her trial petition against the appellees.

It is thus apparent that the trial court heard the evidence presented by both sides, and rendered its judgment only after it had found upon the facts that the appellant had no title to the land, which it thus specifically awarded to the appellees as against her claim.

While appellant in due time filed a transcript of the record in such cause in this court on May 4, 1945, she has never filed a statement of facts herein, hence this court is left without jurisdiction to determine whether or not she showed any title to the land the trial court so awarded appellees.

Indeed, she never did tender a statement of facts to this court for filing herein, but did file a motion to extend time to file a statement of facts, which motion was dismissed for good cause, it having been filed beyond the 75 days from the date of the final judgment in the district court prescribed by Rule 386, Texas Rules of Civil Procedure.

Wherefore, there is nothing before this court except the transcript, which contains neither findings of facts nor conclusions of law by the trial court, other than the quoted recitations in its judgment. The court had jurisdiction of the parties and of the subject matter; its judgment is regular in all essential respects upon its face, and is one it had the power to render under the pleadings, there being no fundamental error apparent anywhere. The conclusive presumption on the appeal must, therefore, be that the evidence heard below fully supported the award of the land to the appellees. Rule 386, Texas Rules of Civil Procedure; Parsons v. West, Tex.Civ.App., 159 S.W.2d 224; Hidalgo v. Van Horn, 125 Tex. 486, 84 S.W.2d 699.

In these circumstances, this court may enter no other than a judgment of affirmance; it will be so ordered.

Affirmed.