**HUCKMAN et al. v. CAMPBELL.**

No. 12491.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 8, 1952.

Rehearing Denied Nov. 12, 1952.

Kemp, Lewright, Dyer & Sorrell, Walter Groce, Corpus Christi, for appellants.

R. E. Schneider, Jr., George West, Leo N. Duran, Corpus Christi, for appellee.

PER CURIAM.

Appellants on September 20, 1952, filed a motion asking that this Court direct our clerk to file a statement of facts herein as of August 25, 1952.

This is an appeal from an order of the District Court of Live Oak County, Texas, overruling appellants' plea of privilege entered on August 7, 1952. Under the provisions of Rule 385, Sec. (b), Texas Rules of Civil Procedure, appellants had until August 27, 1952, within which to file the record in this Court.

On August 25, 1952, the Clerk of this Court received through the United States Mail a purported transcript and statement of facts in this cause. The transcript was in due form and was immediately filed by the Clerk, but on examination of the purported statement of facts he found that it was neither approved by the trial court nor agreed to by the attorneys in the case. See Rule 377(d), T.R.C.P.

The Clerk made a memorandum upon the statement of facts of the date of its reception and immediately telephoned the office of appellants' attorneys, telling a secretary who answered the phone that he had received the statement of facts, but that he could not file it because it was not properly approved. Appellants made no motion for an enlargement of time within which to file the statement of facts, nor did they tender here a properly authenticated statement of facts until some time after the lapse of the twenty days period allowed by the provisions of Rule 385, T.R.C.P., for

the filing of the same, and until after the lapse of the five days period allowed for the filing of a motion for an enlargement of the time.

Under such circumstances, we are without jurisdiction to now permit the filing of such statement of facts. Rules 5, 385, T. R.C.P.; Jaeger v. Cullen, Tex.Civ.App., 183 S.W.2d 584; Parsons v. West, Tex. Civ.App., 159 S.W.2d 224; Matlock v. Matlock, Tex.Sup., 249 S.W.2d 587; Hidalgo County Water Control & Improvement Dist. No. 1 v. Van Horn, 125 Tex. 486, 84 S.W.2d 699.

Appellants cite the case of Pacific Fire Insurance Company v. Smith, 145 Tex. 482, 199 S.W.2d 486, as supporting their motion. The facts in that case are quite different. There the clerk actually filed the unauthorized statement of facts and appellee waived his right to have it stricken by his failure to file a motion to strike, as is required by Rule 404, T.R.C.P.

The motion is overruled.