James BUTE, III, et al., Appellants,

v.

LEAGUE CITY, Texas, Appellees.

No. 14581.

Court of Civil Appeals of Texas.

Houston.

May 13, 1965.

Moore & Morris, Gene S. Morris, Houston, for appellants.

Palmer & Bell, Ralph L. Bell, Dickinson, for appellees.

WERLEIN, Justice.

This suit was brought by James Bute, III, F. M. Abbott, Dave S. Smith, Jr., J. F. Collier and A. J. Eastham, appellants, against the City of League City, Texas, to enjoin it from levying and assessing taxes against appellants' property and to declare null and void an ordinance allegedly passed and approved by said City on first reading on or about April 19, 1962, which proposed the extension of the corporate limits of such City and the annexation thereto of certain lands including those belonging to appellants.

Appellants set out in their petition the ordinance in question which describes the annexed land and alleged that the City of League City had no authority to pass said ordinance because in doing so it was undertaking to exercise the powers of local self-government limited to "Home Rule Cities," which it was not qualified to do since when it adopted its charter it did not have more than 5,000 inhabitants, as required by the Constitution and statutes of the State of Texas. Appellants also alleged that the ordinance was of no force or effect because the City did not comply with constitutional and statutory requirements, and because the lands annexed were not adjacent to the corporate limits of the City of League City, Texas, as required by Article 1175, Subdivision 2, Vernon's Annotated Texas Statutes.

Appellee in its answer moved the court to dismiss the suit because it could only be brought properly by quo warranto proceedings. It denied appellants' allegations, pleaded the two year statute of limitation

as set out in Article 974c–4, V.A.T.S., and alleged that the Legislature of the State of Texas had validated its incorporation as a Home Rule City by virtue of Chapter 222 of the Session Laws of the 58th Legislature, Regular Session, page 609, Senate Bill No. 94.

Appellee's motion to dismiss came on to be heard, and the court after hearing the same ordered and decreed that the appellants' petition be dismissed, from which order appellants have appealed.

Appellants assert that they had the right to maintain the present suit in their individual capacities, and that the trial court committed fundamental error in dismissing the case, and also in dismissing the suit instead of suspending it on the docket until the State of Texas could be joined as a party.

■ Appellants rely upon the case of City of Irving v. Callaway, 363 S.W.2d 832, writ ref., n. r. e., in which the court approvingly refers to the rule stated in 30–A Tex.Jur., Sec. 99, pp. 111–113 as follows:

" 'The validity of an annexation by a city cannot be collaterally attacked in a suit by an individual where the city, in attempting to annex territory, acts under authority conferred by law or its charter, and thereafter assumes and exercises authority over the territory attempted to be annexed; such annexation may be questioned only by a direct suit in the nature of a quo warranto or in a proceeding to which the State is a party. However, the act of extension or annexation is subject to collateral attack by anyone, whenever and wherever its validity is called in question, where it is absolutely void because wholly beyond the powers of the municipality— that is, an act not authorized by law or color of law.' "

Our Supreme Court announced this rule of law in Lum v. City of Bowie, 18 S.W. 142, where an attempted annexation was attacked by private citizens. The court held that the attack could be made by private citizens and that it was not necessary to bring the action in the nature of a quo warranto proceeding, because the proceedings by means of which it was attempted to annex the land were void, and void acts may be questioned collaterally. The rule has been consistently followed in numerous other cases, cited in City of Irving v. Callaway, supra.

The first question for determination is, therefore, whether the attempted annexation of appellants' lands by League City is void or whether the proceedings with respect thereto were merely irregular. Appellants have alleged that the lands "allegedly annexed are not adjacent to the corporate limits of the purported City of League City, Texas," and that at the time the City adopted its present charter it did not have more than 5,000 inhabitants as required by the Constitution and statutes of the State of Texas. They contend that the ordinance in question is void on both grounds and, therefore, they had the right to prosecute the suit in their individual capacities. We would agree with appellants if on the hearing of the plea in abatement the trial court had not impliedly found against them with respect to both of such alleged grounds for declaring the ordinance void.

■ The ordinance attempting to annex appellants' property and which is pleaded verbatim by appellants in their petition clearly shows that the boundary line of the land annexed begins "at the most north easterly corner of the present corporate limits line" as of the date of passage of the ordinance. The boundary line then extends out from the corporate limits of the City in a manner to include therein the lands belonging to appellants, and it finally extends to and ends at "the northwesterly corner of the present corporate limits line of League City, * * *." It is thus seen that appellants' lands which are annexed by said ordinance are adjacent to the corporate limits of League City, Texas, as required by Article 1175, Subdiv. 2, V.A.T.S. Hence

the ordinance is not void on the ground that it attempts to annex territory not adjacent to the corporate limits of such City. The ordinance which appellants have pleaded in their petition and which they seek to attack must be looked to rather than appellants' allegations in determining whether appellants' lands are adjacent to the corporate limits of the City. Southwest Stone Co. v. Railroad Commission, Tex.Civ.App., 173 S.W.2d 325, ref., w. m.; Pyron v. Grinder, 1860, 25 Tex.Supp. 159; Behan v. Ghio, 1889, 75 Tex. 87, 12 S.W. 996; Great American Indemnity Co. v. City of Corpus Christi, 192 S.W.2d 917, writ ref., n. r. e.; Rule 59, Texas Rules of Civil Procedure.

In State of Texas ex rel. Rose et al. v. City of La Porte, 386 S.W.2d 782, The Texas Supreme Court Journal, Vol. 8, page 163, our Supreme Court held in effect that when the governing body of the city ascertains that it has population of more than 5,-000 at the time of the adoption of its Home Rule Charter, such ascertainment is presumed to have been validly exercised in the absence of allegations and proof of fraud, bad faith or abuse of discretion. Appellants in the instant case have not alleged that League City or its governing body were actuated by fraud, bad faith or abuse of discretion, and hence the population determination was lodged wtih the governing body of the City, since the constitutional and the statutory enactments failed to specifically prescribe a method for determining the population. The governing body of League City had the implied authority to determine and find that its population at the time it adopted its charter on or about March 27, 1962 was more than 5,000.

In passing upon appellee's plea in abatement it was necessary for the court to hear evidence as it could not otherwise determine whether or not the ordinance in question was void and hence subject to attack by appellants in their individual capacities. In its judgment dismissing appellants' suit, the court recited that it heard evidence. Since the appeal is before us without a statement of facts or findings of fact and conclusions of law by the trial court, we are, of course, unable to determine what evidence the trial court heard. The law is well established that in the absence of a statement of facts and findings of fact and conclusions of law by the trial court, the appellate court must presume that the evidence heard by the trial court was sufficient to support the judgment that it entered. In Jennings v. Fredericks, Tex.Civ.App., 190 S.W.2d 707, error ref., the court said:

"Wherefore, there is nothing before this court except the transcript, which contains neither findings of facts nor conclusions of law by the trial court, other than the quoted recitations in its judgment. The court had jurisdiction of the parties and of the subject matter; its judgment is regular in all essential respects upon its face, and is one it had the power to render under the pleadings, there being no fundamental error apparent anywhere. The conclusive presumption on the appeal must, therefore, be that the evidence heard below fully supported the award of the land to the appellees. Rule 386, Texas Rules of Civil Procedure; Parsons v. West, Tex.Civ.App., 159 S.W.2d 224; Hidalgo [County Water Control and Improvement Dist. No. 1] v. Van Horn, 125 Tex. 486, 84 S.W.2d 699."

See also Fitchett v. Bustamente, 329 S.W.2d 920, writ ref., n. r. e.; Quarles v. Horton & Horton Building Materials Co., Tex.Civ.App.1960, 336 S.W.2d 267; Franke v. Franke, Tex.Civ.App.1963, 373 S.W.2d 891.

This Court must presume, therefore, that the trial court, in sustaining appellee's plea in abatement, found from the evidence that the lands in question were adjacent to the corporate limits of the City of League City, and that such City in adopting its charter properly ascertained that it did have more than 5,000 inhabitants. Appellants have not pleaded any other irregularities in connection with the passage and approval of the ordinance in question. They have re-

lied solely upon the above mentioned grounds which, if established, would render the ordinance void. Had the trial court found in their favor with respect to such grounds, they could have prosecuted their suit in their individual capacities. The State would not have been in any better position to attack the ordinance in such event than were appellants and hence there would be no reason for quo warranto proceedings.

Appellants contend that the trial court committed fundamental error in dismissing their cause of action upon sustaining appellee's plea in abatement. They assert that such plea was one in limine, and that upon sustaining the same the court should have merely suspended the suit on its docket subject to being revived when the State was joined as a party. They rely upon the case of Dyches v. Ellis, Tex.Civ.App., 199 S.W. 2d 694, in which the court said that the proper order or judgment upon sustaining such plea is not to dismiss the case but to retain it suspended upon the docket, subject to be revived if and when the cause of abatement is removed.

■ In the instant case appellants could not require the State to become a party to their suit or to bring quo warranto proceedings. It was not within their power to remove the cause of abatement of the suit. Quo warranto is not available to a private citizen in his private capacity, although it may be brought upon facts related and verified by him. Staples v. State, 112 Tex. 61, 245 S.W. 639; Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287. As a general rule, it is necessary to obtain leave of the court to invoke its jurisdiction in a quo warranto proceeding. Had the State of Texas brought quo warranto proceedings with respect to appellants' contentions in the present litigation, either upon relation of appellants or of its own accord, such proceedings would in effect constitute another suit with the State a party plaintiff. Adamson v. Connally, supra.

■ In our opinion the rule applicable with respect to whether a suit should be dismissed upon sustaining a plea in abatement is well stated in McDonald, Texas Civil Practice, Section 10.13, page 874, as follows:

"If the plea is sustained, the case will be subject to dismissal when the impediment can not be removed. But if the ground urged is one which merely compels a temporary suspension of the action, or is one which may be cured by an amendment, the court should retain the case upon the docket in suspense until the ground is no longer applicable."

■ The impediment in the instant case was one that could not be removed by appellants or cured by amendment, and hence the court properly dismissed their cause of action upon sustaining appellee's plea in abatement. Dyches v. Ellis, supra; Reed v. Staley, Tex.Civ.App., 139 S.W.2d 851; Becker v. Becker, Tex.Civ.App., 218 S.W. 542.

Judgment affirmed.