**Alva FITZGERALD et al., Appellants,**

v.

**Floy AGNEW, Appellee.**

**No. 7733.**

Court of Civil Appeals of Texas.

Texarkana.

April 12, 1966.

Jack G. Kennedy, Slagle & Kennedy, Sherman, for appellants.

Buster Cole, Cunningham, Cole & Southerland, Bonham, for appellee.

DAVIS, Justice.

This is a suit where petitioners-appellants, Alva Fitzgerald and Grady Twyman, offered for probate an instrument alleged to be a codicil to the original will of Joan Agnew, deceased. Respondent-appellee, Floy Agnew, contested the probate thereof. The case originated in the County Court of Fannin County, and the transcript does not show that the appeal was duly perfected from the County Court to the District Court. The case was tried in the District Court, without a jury. The trial court, after hearing the evidence, found, as a fact, that the instrument that was alleged to be a codicil was not testamentary and denied the probate thereof. The issue of fact was raised by the pleadings that the instrument was not testamentary, and was decided adversely by the trial court. Appellants have perfected their appeal and bring forward one point of error.

By their point, appellants say the trial court erred in ruling that the instrument, dated May 7, 1961, offered for probate was not testamentary in character, and therefore is not entitled to be probated as a codicil to the will of Joan Agnew which was dated January 4, 1955.

The wills, and the instrument are quoted verbatim. The will reads as follows:

"Jan. 14, 1955

"I want my sister, Floy Agnew, to have any properties I may leave at my death. This consists (at present) of farm, stocks in bank box, savings, checking acct., retirement, insurance, clothes and material things.
/s/ Joan Agnew
No

Return on Northwestern Ins.

I appoint my sister, Floy Agnew, to be sole executor of my will, without bond.
/s/ Joan Agnew
June 2, 1955
Joan Agnew
Will"

The instrument reads as follows:

"My will.
I have a will made out wholly to Floy. Thats all right but I want the stock dividends, farm income, etc. divided with Alva. She has been brave. Floy doesn't need it. Help Bonnie too, another brave one.
The farm can go to Grady, any time eventually his boys.
Joan Agnew
May 7, 61"

▇ A codicil to a will is described in 61 T.J.2d 222, Sec. 105. It must be something that is supplemental to an earlier instrument. It may add to or modify the provisions of the will or it may revoke one or more of the earlier provisions of the writing. As can be seen by the two instruments hereinabove copied, the second instrument in no wise revokes or adds to any of the original will. It merely expresses the wish or desire of the testator and does not give anything specifically to anyone else. A subsequent instrument that is executed as a codicil is inoperative for lack of formality in its execution unless it certifies the testator's intentions. 95 C.J.S. Wills § 625, p. 880. The instrument that was offered for probate when construed with the original, creates some ambiguity. Such a rule does not call for such a conclusion where the ambiguity arises alone from the language used. 95 C.J.S. Wills § 586, p. 709. The appellants plead and proved that the original will of Joan Agnew had been probated. They are merely seeking to probate the instrument which they allege to be a codicil. It seems that Joan Agnew, as a matter of law, intended that her property pass and be vested by the provisions of the original will. The second instrument was merely expressing her wish and desire. Hinson v. Hinson (1955), 154 Tex. 561, 280 S.W.2d 731; Hohmann v. Langehennig (CCA 1941), affm'd Tex. Comm.App.1942, 1939 Tex. 452, 163 S.W.2d 402, Op.Adpt. by Sp.Ct.

▇ The issues of fact were raised by the pleadings. No statement of facts or findings of fact or conclusions of law were filed in this appeal. We must presume that the trial court made the findings of facts according to the evidence. Rule 386, Vernon's Ann.Texas Rules of Civil Procedure; Trinity Steel Company, Inc. v. Modern Gas Sales & Service Co. Inc., (CCA 1965), 392 S.W.2d 861, W.R., N.R.E.; Bute et al. v. League City, Texas (CCA 1965) 390 S.W. 2d 811, N.W.H.; Franke v. Franke (CCA 1963) 373 S.W.2d 891; Jennings v. Fredericks et al. (CCA 1945) 190 S.W.2d 707, E.R. The point is overruled.

The judgment of the trial court is affirmed.