**Affirmed and Memorandum Opinion filed March 3, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00103-CV

**BOBIE KENNETH TOWNSEND, Appellant**

V.

**MONTGOMERY CENTRAL APPRAISAL DISTRICT; MONTGOMERY CENTRAL APPRAISAL DISTRICT, CHIEF APPRAISER MARK CASTLESCHOULDT IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; APPRAISAL REVIEW BOARD OF MONTGOMERY COUNTY, TEXAS; AND APPRAISAL REVIEW BOARD OF MONTGOMERY COUNTY, TEXAS, CHAIRMAN TERRY BOWIE IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, Appellees**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 12-01-00485 CV**

## M E M O R A N D U M   O P I N I O N

In this case concerning a homeowner's tax protest, the trial court dismissed most of the homeowner's claims for lack of subject-matter jurisdiction and granted

summary judgment to the appraisal district on the homeowner's remaining claim regarding his 2011 property taxes. The homeowner challenges these rulings, and additionally argues that the trial court erred in failing to set other matters for submission or for an oral hearing. Finding no reversible error, we affirm.

## I. BACKGROUND

Bobie Kenneth Townsend has filed suit three times in the 359th District Court to assert claims concerning the appraisal of his home in Montgomery County. The first two cases were appealed to the Ninth Court of Appeals. *See Townsend v. Montgomery Cent. Appraisal Dist.*, No. 09-10-00394-CV, 2011 WL 3207955 (Tex. App.—Beaumont July 28, 2011, pet. denied) (mem. op.) ("*Townsend I*"); *Townsend v. Appraisal Review Bd. of Montgomery Cnty., Tex.*, No. 09-11-0089-CV, 2011 WL 3847430 (Tex. App.—Beaumont Aug. 31, 2011, pet. denied) (mem. op.) ("*Townsend II*"). The appeal of the third case was transferred to this court, but because some of the same issues were addressed in the prior appeals, we will briefly describe them as well.[1]

### A. *Townsend I*

Townsend purchased a home in Montgomery County in 2004. *Townsend I*, 2011 WL 3207955, at *1. The Montgomery Central Appraisal District ("the District") had given the prior owners a three-year variance to allow them to repair the house, but denied Townsend's request to extend the variance. *Id.* Townsend protested the District's determination of the home's value in 2005, 2006, 2008, and 2009, but did not timely seek judicial review of any of the resulting final orders. *See id.* at *3.

---

[1] We must decide this case in accordance with the precedent of the Ninth Court of Appeals under principles of stare decisis if our decision otherwise would have been inconsistent with our sister court's precedent. *See* TEX. R. APP. P. 41.3.

In 2009, Townsend sued the District and chief appraiser Mark Castleschoultd in the 359th District Court of Montgomery County. *See id.* at *1. The trial court dismissed the claims for lack of subject-matter jurisdiction. *See id.* at *5. The appellate court affirmed, explaining that all of the claims were based on Townsend's contention that the home was not properly appraised, and that Townsend had failed to exercise his right to judicial review of the final orders issued in the tax protests. *See id.* at *3. The court also held that because Townsend's claims against Castleschoultd concerned the chief appraiser's statutory duties of determining a home's market value for the District's records, they were not claims of *ultra vires* conduct over which the trial court could exercise jurisdiction. *Id.* at *4–5.

## B. *Townsend II*

In 2010, Townsend again filed a tax protest, arguing that his property should not be taxed and that the District wrongfully denied his request for an exemption. *See Townsend II*, 2011 WL 3847430, at *1. The Appraisal Review Board ("the Board") lowered the appraised value but continued to maintain the property on the appraisal roll without granting the requested exemption. *Id.* Townsend timely sought judicial review, and although he named the Board as a defendant, he did not make the District a party as required by the Tax Code. *Id.* at *2. The trial court accordingly dismissed the case for lack of jurisdiction. *Id.* On appeal, Townsend argued that the Board's final order did not sufficiently explain how he was required to serve the pleading he filed in the district court to obtain judicial review. *Id.* at *3. The appellate court explained that this information is not required by section 41.47(e) of the Tax Code, which specifies what must be included in an appraisal review board's final order. *See id.* Rather, information on serving the pleading is found in section 42.21(b) of the Tax Code. *See id.*

3

## C.	The present case (“*Townsend III*”)

The present case concerns Townsend's 2011 tax protest.  In this protest, he again complained that the variance granted to the prior owners was not extended to him.  He additionally asserted that the property should not be taxed in Montgomery County, and that an exemption was denied, modified, or cancelled.  After a hearing, the Board issued its final order.  It held that the appraisal records were incorrect because the District's stated value for the property was above market value.  It accordingly ordered the property's value for tax year 2011 changed to $124,900, which is the same value assigned to the property in 2010.  *See id.* at *1.

Townsend again filed suit in the same Montgomery County district court.  Just as in *Townsend II*, he named the Board as a defendant; as in *Townsend I*, he named Castleschouldt and the District as defendants.  To these defendants, he added the Board's chairman Terry Bowie.  He included some of the same allegations raised in the prior lawsuits.

A year after Townsend filed the lawsuit, the trial court issued an order on its own motion in which it construed Townsend's pleading as a petition for review of his 2011 taxes and dismissed all of his other claims for lack of subject-matter jurisdiction.  The District then filed a motion for traditional and no-evidence summary judgment on Townsend's 2011 tax protest.  Townsend also filed a motion for summary judgment, but the record does not show that it was ever set for a hearing.

The trial court granted the District's summary-judgment motion, and Townsend brought this appeal.

## II.	TIMELINESS OF APPEAL

As a threshold issue, the District contends that Townsend's appeal is

4

untimely, and thus, this court lacks jurisdiction. We disagree.

By filing a notice of appeal, a party invokes the appellate court's jurisdiction. *See* TEX. R. APP. P. 25.1(b). In an ordinary appeal from a final judgment, the notice of appeal must be filed within thirty days after the judgment is signed; however, if any party timely takes certain actions—such as filing a motion for new trial—then the notice of appeal must be filed within ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a)(1).

Townsend filed a notice of appeal eighty days after the trial court signed the final judgment. The District asserts that the notice was untimely because Townsend did not move for a new trial, and thus, Townsend was required to file the notice of appeal within thirty days of the judgment.

Contrary to the District's contentions, Townsend timely filed a motion for new trial. Less than two weeks after the trial court signed the judgment, Townsend filed a motion styled, "Plaintiff's Motion for Vacating Final Summary Judgment." In it, he argued that he had raised a "fact question to be resolved by a jury," and he asked the trial court to vacate the judgment "and reschedule the pre-trial conference to finalize matters still pending before trial." The District nevertheless contends that Townsend did not file a motion for new trial, apparently because the document containing the request was styled as a motion to vacate, which is not explicitly mentioned in Rule 26.1 as a motion that extends the time to appeal. But when determining whether a motion has such an effect, we consider not only the document's title, but also the relief sought. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665–66 (Tex. 2011) (per curiam). Because Townsend timely filed a motion in which he asked for a new trial, he had ninety days in which to file a notice of appeal, and thus, this appeal is timely.

Having determined that we have jurisdiction to do so, we turn now to the

5

matters raised by Townsend on appeal.

### III. ISSUES PRESENTED

Townsend presents nine issues for review, which we have rearranged into three broad categories. Because "subject-matter jurisdiction is essential to a court's power to decide a case,"[2] we first consider Townsend's assertion that the trial court erred in dismissing some of his stated causes of action for lack of subject-matter jurisdiction. Next, we will analyze his complaints about the summary judgment. Finally, we will address any remaining complaints about the way that proceedings were conducted in the trial court.

### IV. SUBJECT-MATTER JURISDICTION

The existence of subject-matter jurisdiction presents a question of law, which we review de novo. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). After reviewing the seven causes of action described in Townsend's petition, we hold that the trial court did not err in characterizing the pleading as a petition for review of Townsend's 2011 tax protest and in dismissing all other claims for lack of jurisdiction. Specifically, we conclude that (a) Townsend lacked standing to assert one of the causes of action, and (b) the remaining causes of action were governed by the procedures set forth in the Property Tax Code, under which the trial court had jurisdiction to consider only Townsend's appeal of his 2011 tax protest.

### A. Standing

A trial court has no subject-matter jurisdiction over a claim by a plaintiff who lacks standing to assert it. *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 580 (Tex. 2013). The standing inquiry focuses on whether a party has a sufficient

---

[2] *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000).

6

relationship with the claim so as to have a "justiciable interest" in its outcome. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A party has standing to assert a claim if it has suffered a distinct injury, and the judicial determination sought will determine a real controversy. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001). A plaintiff suing on his own behalf lacks standing to assert a claim in which he has no enforceable right or interest. *See Rodarte v. Investeco Grp., L.L.C.*, 299 S.W.3d 400, 407 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *AVCO Corp. v. Interstate Sw., Ltd.*, 251 S.W.3d 632, 649 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

In his fifth cause of action, Townsend asked the district court to remove Castleschouldt from his position as the District's chief appraiser and to remove Bowie from the Board. Our legislature has enacted statutes identifying those empowered to remove a person from a position as a district's chief appraiser or as a member of an appraisal review board. *See* TEX. TAX. CODE ANN. § 6.05(c) (West Supp. 2014) (providing that the chief appraiser "serves at the pleasure of the appraisal district board of directors"); *id.* § 6.41 (identifying the means and grounds for removing a member of an appraisal review board). Townsend does not contend that he is among those with a statutory right to have either defendant removed from his respective position. Townsend also is not a person empowered to initiate a quo warranto proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002 (West 2008) (providing that a quo warranto proceeding is initiated by "the attorney general or the county or district attorney of the proper county"); *see also Bute v. League City*, 390 S.W.2d 811, 815 (Tex. Civ. App.—Houston 1965, no writ) ("Quo warranto is not available to a private citizen in his private capacity, although it may be brought upon facts related and verified by him."). We therefore conclude that Townsend lacks standing to assert these claims, and thus, the trial

court properly dismissed them for lack of subject-matter jurisdiction.

**B.      Matters Governed by the Property Tax Code**

Because Townsend's remaining claims concern the appraisal of his property and the determination of his property-tax protests, the trial court's subject-matter jurisdiction over them is determined by the Property Tax Code.  If the Property Tax Code authorizes a particular ground of protest, then the Code's procedures are the property owner's exclusive means of adjudicating that ground as a basis for tax relief.  *See* TEX. TAX CODE ANN. § 42.09(a) (West 2008).  The Property Tax Code authorizes a property owner to protest the actions listed in Tax Code section 41.41(a), including:  the property's appraised value, its unequal appraisal, its inclusion on the appraisal records, the whole or partial denial of an exemption, "identification of the taxing units in which the owner's property is taxable," or "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner."  *Id.* § 41.41(a).

A property owner is entitled to appeal an order of the appraisal review board determining a tax protest by the property owner as provided by subchapter C of chapter 41 of the Tax Code.[3]  *Id.* § 42.01(a) (West Supp. 2014).  To obtain this appellate review, the petition for review must be filed within sixty days after the party received notice that a final order in the tax protest has been entered.  *Id.*  A trial court lacks subject-matter jurisdiction to hear an untimely petition for review. *See id*. § 42.21(a); *Townsend I*, 2011 WL 3207955, at *3.  And although a property owner may protest and appeal tax decisions based on any action of the chief appraiser or the Board, the Property Tax Code's exclusive procedures authorize a petition for review to be filed only against the District, not against the chief

---

[3] A property owner may appeal other matters listed in Tax Code section 42.01(a), but these other matters are not involved in this case.  *See* TEX. TAX CODE ANN. § 42.01(a).

8

appraiser, the Board, or the Board's members. *See* TEX. TAX CODE ANN. § 42.21(b); *see also Townsend I*, 2011 WL 3207955, at *5 (affirming the trial court's dismissal of Townsend's claims against Castleschoultd for lack of jurisdiction). Thus, to the extent that Townsend's remaining claims raise a ground of protest authorized under the Property Tax Code, the trial court has subject-matter jurisdiction over the part of the complaint that is both timely and is brought against the proper party.[4]

We accordingly begin our analysis by determining whether each cause of action falls within the broad scope of matters that can be asserted in a timely property-tax protest. If so, then the claim is subject to the restrictions set forth in the Property Tax Code. If such a claim is asserted against the District and is timely—that is, if it concerns Townsend's 2011 tax protest—then the trial court properly treated the cause of action as a petition for review of Townsend's 2011 tax protest. To the extent that the claim is untimely or asserted against the wrong party, then the trial court properly dismissed it for lack of subject-matter jurisdiction.

Townsend identifies his first cause of action as "Article I, Section 2 of the

---

[4] In its order of dismissal, the trial court did not specify which parties and claims were dismissed, but instead stated that

> [T]he Court considered the pleadings on file and determined that all of Plaintiff's causes of actions and attempted causes of action lacked jurisdiction, save and except construing Plaintiff's Original Petition as a Petition for Review pursuant to the Texas Tax Code as to the 2011 taxes assessed on Plaintiff's property made the basis of this suit.
>
> THEREFORE, all other causes and attempted causes of action in Plaintiff's Original Petition are hereby dismissed for lack of subject matter jurisdiction with the exception of Plaintiff's Petition for Review of the 2011 taxes assessed by the Defendant(s).

Because the Code authorizes a petition for review to be filed only against the District, we construe this order to be a dismissal of the claims against Castleschouldt, Bowie, and the Board.

Texas Constitution." He contends that the District "has no authority over the plaintiff or plaintiff's property except by plaintiff's consent." In connection with this cause of action, Townsend states that the district court "has the jurisdiction to order the defendants to remove plaintiff's private property from the appraisal roll." Thus, in this cause of action, Townsend challenged the District's inclusion of his property on the appraisal roll. Because the Property Tax Code authorizes this ground of protest, its procedures are the exclusive means of adjudicating this complaint. To the extent that Townsend challenges the decision on his 2011 taxes, the trial court properly construed this as a timely petition for review; to the extent that Townsend attempts to bring an untimely challenge to an earlier tax decision or attempts to assert the claim against a party other than the District, the trial court properly dismissed the cause of action.

The same is true of Townsend's second, third, and fourth causes of action. Although his second cause of action appears under the heading "Quo Warranto," it merely restates his first cause of action. Townsend again asserts that "the defendants lack authority and discretion to place plaintiff's non-income producing private property on the . . . appraisal roll without plaintiff's consent."[5] In his third cause of action, Townsend alleged that his property is not subject to taxation, so that by including Townsend's property, Castleschouldt falsified the appraisal roll.[6]

---

[5] Although these allegations appear under the heading, "Quo Warranto," they do not constitute a quo warranto proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 66.001–.003 (West 2008).

[6] Under the same heading, Townsend also asserted that his property had defects affecting its market value and that the District and Castleschouldt appraised properties unequally; however, he attached and incorporated his notice of protest, which does not include a challenge to the appraisal on those grounds. Moreover, he admits in his appellate brief that his protest "involved four issues . . . . that were transferred to the 359th District court by appeal" from the Board's final order. As in his notice of protest, he identifies these as (1) "Property should not be taxed in Montgomery County"; (2) "Property should not be taxed in this appraisal district or in one or more taxing units"; (3) "Exemption was denied, modified or canceled"; and (4) "Variance

Townsend refers to his fourth cause of action as "Texas Legislative Intent," under which he alleges, "It is the Texas legislative intent that plaintiff retain his right to private property and not be placed on the appraisal roll without plaintiff's consent." He also asserts that the property has no taxable situs. These allegations, too, are grounds of protest within the scope of section 41.41 of the Tax Code. The trial court therefore did not err in retaining these claims only to the extent that Townsend asserted a claim against the District for review of his 2011 tax protest, and in dismissing the remainder of the claims for lack of subject-matter jurisdiction.

Townsend refers to his sixth cause of action as "entrapment." Under this heading, he alleges that he purchased his property in 2004 because the District and Castleschouldt entrapped him into purchasing the property by failing to advise him in advance that if he purchased the property, taxes would be assessed at the appraised market value, and he would not be given the same variance that had been given to the seller. In effect, Townsend is contesting the District's denial of his request to extend the variance and the resulting increase in the appraised value of his property. These complaints concern the denial of a variance in appraised value, which is a ground of protest within section 41.41's scope; however, Townsend complains of actions taken many years ago. Because the complaint is untimely, the trial court properly dismissed it. *See Townsend I*, 2011 WL 3207955, at *3 (holding that Townsend's judicial challenges to the tax decisions of 2005, 2006, 2008, and 2009 were time-barred, and thus, appropriately dismissed for lack of subject-matter jurisdiction).

Finally, Townsend raised a seventh cause of action, which he refers to as "change the final order format." In this section of the petition, he asks the trial

Denied." Complaints about market value and unequal appraisal were not mentioned.

court to order the Board to change the format of its final order, primarily to explain that the Board and the District are separate and to explain how to perfect service of an appeal from a tax protest; however, the state legislature already has determined what information must be included in an appraisal review board's order. *See* TEX. TAX CODE ANN. § 41.47 (West Supp. 2014). Information about perfecting service is not required to be included; as Townsend acknowledges elsewhere in his complaint, information about perfecting service is located in section 42.21 of the Property Tax Code. *See id.* § 42.21; *also Townsend II*, 2011 WL 3847430, at *3 (pointing out both statutes in the first case in which Townsend raised this complaint). Moreover, the only injury that Townsend alleges from the formatting of the Board's order is that "[l]ast year, Plaintiff was damaged by [the Board] not giving plaintiff clear and concise language of whom to serve process to." Townsend's untimely complaint regarding his 2010 tax protest was adjudicated in *Townsend II*, and our sister court already has affirmed the trial court's dismissal of the claim for want of subject-matter jurisdiction.

In sum, the Property Tax Code's procedures and deadlines apply to all of the claims that Townsend has standing to assert. The trial court accordingly did not err in retaining Townsend's claims against the District only to the extent that they could be construed as a timely request for judicial review of his 2011 tax protest, and in dismissing the remainder of the claims against the District and against all other parties for lack of subject-matter jurisdiction. We accordingly overrule this issue. Our disposition of this issue makes it unnecessary for us to review Townsend's remaining appellate complaints concerning the dismissed claims.[7]

---

[7] To the parties, who are familiar with the sequence of the issues presented in Townsend's brief, this means that we overrule Townsend's second issue, rendering his fourth and ninth issues moot. It also renders moot all appellate complaints concerning defendants other than the District, and claims other than Townsend's 2011 tax protest.

In his third, fifth, and seventh issues, Townsend contends that the trial court erred in granting the District's motion for summary judgment and denying his own summary-judgment motion.

## A. Standard of Review

We review summary judgments de novo. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014) (per curiam).

A movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Such a motion must stand or fall on the grounds expressly presented in the motion, not on grounds that may be gleaned from briefs or summary-judgment evidence. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte*

13

*Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *See Mack Trucks, Inc*., 206 S.W.3d at 582. We sustain a no-evidence summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

**B.    The trial court did not err in granting the District's summary-judgment motion on traditional and no-evidence grounds.**

We begin our review with the motion that the trial court granted. The District sought summary judgment on both traditional and no-evidence grounds, and the trial court stated in its order that it granted the motion on both types of grounds.

At the outset of its motion, the District stated that the trial court had dismissed all of Townsend's claims except his contention that the property should not be taxed in Montgomery County, in the District, or indeed, taxed at all. Townsend's contention could be characterized either as a claim that the property simply is not taxable by the District, or as a claim that Townsend is entitled to an exemption. Because the way in which the claim is characterized determines who bears the burden of proof, the District moved for traditional summary judgment on the issue on which it bore the burden of proof, and sought no-evidence summary judgment on the issue for which Townsend bore the burden.

*1.    The District met its traditional summary-judgment burden to establish that the property is taxable by the District.*

In the "traditional" portion of its summary-judgment motion, the District

argued that the subject property is taxable by the District because it consists of land and improvements that are physically located in Montgomery County, Texas. *See* TEX. TAX CODE ANN. § 11.01(a), (b) (West 2008) (providing that "[t]his state has jurisdiction to tax real property if located in this state" and "[a]ll real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law"); *id.* § 21.01 ("Real property is taxable by a taxing unit if located in the unit on January 1, except as provided by Chapter 41, Education Code."). This is an issue on which the District bore the burden of proof. *See Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985) (explaining that a county's taxing entities must prove that the real property it seeks to tax is situated within its geographical boundaries). It accordingly was an appropriate subject for traditional summary judgment. This portion of the motion was supported by the affidavit of the District's deputy chief appraiser and the District's property-data sheet, appraisal cards, and a photograph of the property, which together establish that the subject property consists of land and improvements within Montgomery County's boundaries. The burden therefore shifted to Townsend to come forward with evidence sufficient to raise a genuine issue of material fact about the character of the property or its location.

Townsend did not file anything styled as a response to the District's summary-judgment motion. Although he filed a document styled as a motion for summary judgment, it was not set for submission or hearing before the trial court granted the District's summary-judgment motion. Moreover, Townsend's motion contains only a list of other documents that he asserts support the motion; he states no grounds in the motion either for granting summary judgment to himself or for denying it to the District. *See McConnell*, 858 S.W.2d at 341 (explaining that grounds for granting summary judgment must be expressly stated in the motion,

15

and grounds for avoiding summary judgment must be expressly stated "by written answer or other written response to the motion and are not expressly presented by mere reference to summary judgment evidence").

Townsend also filed a document styled as "Plaintiff's Notice of Objection to Defendant's 'No Evidence' Motion for Summary Judgment and Traditional Motion for Summary Judgment." To the extent that its contents can be construed as actual objections, complaints regarding them are waived because Townsend failed to obtain a ruling on them. *See* TEX. R. APP. P. 33.1(a). Assuming that the argument sections of the document can be construed as a response to the summary-judgment motion and not merely as objections, Townsend still has failed to raise a genuine issue of material fact. He instead argued that his real property in Montgomery County is not taxable unless the District proves either that Townsend has rendered the property for taxation, or that (a) Townsend is a "taxpayer" as defined in the Multistate Tax Compact,[8] and (b) he is a "person" as that term is used in the Tax Code.[9] He contends that because the District has not proved any of these things, his property is not taxable. But the District was not required to prove

---

[8] By its terms, the Multistate Tax Compact concerns the tax obligations of organizations and people that act as business entities in more than one state. *See* TEX. TAX CODE ANN. § 141.001 (West 2008). Townsend does not contend that he personally acts as a multistate business entity.

[9] Townsend insists that as used in the Tax Code, the term "person" excludes human beings and applies only to organizations. He does not explain why the definition of "person" is relevant, given that it is "property" that is taxed, not the owner. *See* TEX. TAX CODE ANN. § 11.01. In any event, he is mistaken; though the word "person" is not defined in the Tax Code, human beings fall within the ordinary meaning of this term. Furthermore, "person" is used to mean a natural person many times in the Tax Code, as can be seen by the statutory references to "a disabled person," "a person's lifetime," "a person's spouse," etc. *See also* TEX. TAX CODE ANN. § 1.03 (West 2008) (providing that the Code Construction Act applies to the Texas Tax Code); TEX. GOV'T CODE ANN. § 311.005(2) (West 2013) ("'Person' *includes* a corporation, organization . . . and any other legal entity.") (emphasis added); *id.* § 311.005(13) ("'Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded.").

16

that any of these things are true, nor could Townsend avoid summary judgment by proving that any of these things were false. As we have explained, the District was required to prove only that the property is real property located within Montgomery County. Townsend admitted in his summary-judgment objections "that the physical boundaries of the subject property are within the physical boundaries of Montgomery County, thereby claiming a trap effect which gives some taxing units an interest in Plaintiff's property." The District therefore met its burden to prove that the real property is taxable in Montgomery County.

### 2. Townsend failed to meet his summary-judgment burden to raise a fact question about whether his property was exempt.

The District sought no-evidence summary judgment on the question of whether the real property was exempt from taxation. This is an issue on which the the person claiming the exemption bears the burden of proof; thus, contrary to Townsend's arguments, it is an appropriate question to resolve through a no-evidence motion for summary judgment. *See Bullock v. Nat'l Bancshares Corp. of Tex.*, 584 S.W.2d 268, 271–72 (Tex. 1979) (explaining that a claimant bears the burden to establish entitlement to a statutory exemption). Because Townsend identified no exemption that was wrongfully denied in the 2011 tax year, the trial court properly granted summary judgment on this issue.

### 3. Texas Rule of Civil Procedure 91a does not apply.

Despite the foregoing, Townsend argues that the trial court violated Texas Rule of Civil Procedure 91a.3 by granting the District's motion for summary judgment. *See* TEX. R. CIV. P. 91a.3 (setting forth deadlines within which a certain type of motion to dismiss must be filed and ruled upon). Rule 91a governs a specific type of motion to dismiss. *See* TEX. R. CIV. P. 91a.1 (explaining that, with certain exceptions, "a party may move to dismiss a cause of action on the grounds

17

that it has no basis in law or fact"). Motions for summary judgment, on the other hand, are governed by Texas Rule of Civil Procedure 166a. The trial court granted the District's motion for summary judgment; thus, the provisions of Rule 91a do not apply. *Cf.* TEX. R. CIV. P. 91a.9 ("This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.").

Because Townsend failed to respond with evidence sufficient to raise a question of fact on the questions of whether his property is taxable by the District or is exempt, the trial court did not err in granting the District's summary-judgment motion. We accordingly overrule Townsend's issues regarding summary judgment.

## VI. CONDUCT OF PROCEEDINGS

In Townsend's remaining issues, he asserts that the trial court erred or abused its discretion in failing to set a variety of motions on the submission docket or in failing to see that the trial court's staff did so; however, the record does not reflect that the trial court refused to allow any motion to be set for submission.

Townsend also contends that the trial court erred in granting the District's motion for summary judgment before conducting an oral hearing on certain matters. He filed a "Motion for An Open Hearing" in which he noted that the trial court's scheduling order provided that the case would be dismissed for want of prosecution at the pretrial conference on October 24, 2013 "if there is no announcement of ready with all preliminary matters addresse[d]." He asked for an open hearing to be scheduled "as soon as possible"[10] on a dozen matters that he described as "preliminary matters pending to be resolved before trial as per the Scheduling Order." After Townsend filed this request, the District filed its motion

---

[10] Capitalization normalized.

18

for summary judgment, and the record does not show that the matters identified by Townsend were set for an oral hearing before the trial court granted the District's summary-judgment motion.

We cannot conclude that the trial court reversibly erred in failing to set these matters for an oral hearing before the date on which the District's summary-judgment motion was heard by submission. Townsend's request for a hearing shows that he sought to have the twelve matters he listed heard "as soon as possible," but before the pretrial conference on October 24, 2013, whereas the District set its summary-judgment motion to be heard by submission on September 16, 2013. We cannot tell from record before us that the trial court could have held an oral hearing addressing a dozen matters before the date on which the District's summary-judgment motion was set for submission. Moreover, Townsend neither specified that he sought an oral hearing before September 16, 2013, nor requested a continuance of the hearing on the District's summary-judgment motion.[11]

We accordingly overrule these issues.

## VII. CONCLUSION

Finding no reversible error, we affirm the trial court's judgment.


/s/      Tracy Christopher
         Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

---

[11] Townsend's summary-judgment motion was among the matters on which he requested an oral hearing, but as previously mentioned, the motion is a list of other documents, devoid of argument.